Revoir vs. The State.

---

REVOIR, Plaintiff in error, vs. THE STATE, Defendant in error.

82  295
d102  371

*April 18 — May 3, 1892.*

*Criminal law: Insanity: Burden of proof: Instructions to jury.*

Upon the trial of a special issue as to the sanity of a person accused of murder (under sec. 4697, R. S., as amended by ch. 164, Laws of 1883), it was error to charge the jury: "If you find there is reasonable doubt as to whether or not the defendant was so insane that he did not comprehend the nature or character of the act or did not know that it was wrong or unlawful, you should find him *sane.* This is the only test of insanity as applicable to this case."

ERROR to the Circuit Court for *St. Croix* County.

The facts are stated in the opinion.

*J. W. Bashford*, for the plaintiff in error.    [No brief on file.]

The *Attorney General* and *J. M. Clancey*, Assistant Attorney General, for the defendant in error.

PINNEY, J.    The plaintiff in error was tried in the circuit court for St. Croix county on an information charging him with the crime of murder in the first degree. The accused pleaded not guilty, and subsequently a special plea of insanity at the time, etc., was interposed. Upon the trial of the special issue raised by the special plea a very considerable testimony was given in support of the plea, making it necessary for the court to instruct the jury fully on the law of insanity as applicable to the case, and upon the question of the burden of proof; but a statement of the substance of the evidence would serve no useful purpose. The circuit judge charged the jury that, if they should find that "there is reasonable doubt of the sanity of the accused at the time, they should so return by their verdict, and find him not guilty for that reason; that unless the evidence introduced is sufficient to raise in the minds of the jury a reasonable doubt of his sanity at the time, the presumption of sanity must prevail." These instructions were excepted to. In a subsequent part of the charge the circuit judge instructed the jury as follows: "If you find there is reasonable doubt as to whether or not the defendant was so insane that he did not comprehend the nature or character of the act or did not know that it was wrong or unlawful, *you should find him sane.* This is the only test of insanity as applicable to this case." And this was also excepted to. The jury found that the defendant, at the time of the homicide charged in the information, was sane. Upon the plea to the information, of not guilty, there was a further trial,

and the defendant was found guilty of murder in the second degree, and was sentenced accordingly to fourteen years' imprisonment in the state prison, the first day thereof to be solitary confinement. The accused sued out a writ of error.

Any error which occurred on the trial of the issue of insanity, to the prejudice of the accused, requires a reversal of the conviction on the plea of not guilty. *Bennett v. State*, 57 Wis. 69. The statute in force governing the trial (R. S. sec. 4697, as amended by ch. 164, Laws of 1883) provides that if the jury "shall find upon such special issue that such accused person was so insane, or that *there is reasonable doubt of his sanity* at the time of the commission of such alleged offense, they shall also find him not guilty of such offense, *for that reason;*" and further provides that in case of a disagreement of the jury on such special issue, and the plea of insanity shall not be withdrawn, there shall be a trial upon the plea of not guilty, upon which the question of insanity involved in such special issue shall be tried and determined with the plea of not guilty, and that "the presumption of such accused person's sanity at the time of the commission of such alleged offense shall prevail and be sufficient proof thereof on the trial of such special issue, whether the same be tried alone or with the plea of not guilty, unless the evidence produced on such trial *shall create in the minds of the jury a reasonable doubt* of the sanity of such accused person at the time of the commission of such alleged offense." The instructions to the jury on the question of the burden of proof are as directly and fatally contradictory as they could possibly be. The instruction last given, which the jury were told was the "only test of insanity as applicable to the case," is (through some inadvertence or mischance) directly in contravention of the provisions of the statute. The jury were instructed by it to find the accused sane in the *very* contingency

which required them to acquit him of the offense charged, namely, in case they should find that "there is *reasonable doubt* as to whether or not the defendant was so insane" that he did not comprehend the nature or character of the act, or did not know that it was wrong or unlawful. This manifest error requires a reversal of the judgment of conviction and the award of a new trial, without considering the many other errors assigned.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded to that court with directions to proceed to a new trial of the special issue, and such further proceedings, if any, as shall be required by law; and to that end it is ordered that the warden of the state prison, in whose custody the said accused, *Albert Revoir*, now is, do deliver him into the custody of the sheriff of the county of St. Croix, who is required to keep him in his custody until discharged therefrom according to law.