OF

## THE STATE OF IOWA

AT

### DES MOINES, OCTOBER TERM, A. D. 1895,.

AND IN THE FORTY-NINTH YEAR OF THE STATE.

---

STATE OF IOWA v. W. F. JUDIESCH, Appellant.

**Reasonable Doubt.** An instruction in a seduction case that a reasonable doubt is raised if a single fact is proven which is inconsistent with defendant's guilt, is misleading. It may lead a jury to believe that defendant has the burden of proving that he did not have sexual intercourse with prosecutrix.

*Appeal from Ida District Court.*—HON. Z. A. CHURCH, Judge.

TUESDAY, DECEMBER 10, 1895.

Indictment for seduction. Verdict of guilty. Defendant sentenced to be imprisoned in the state penitentiary for the term of eighteen months, and he appeals.—*Reversed.*

*Warren & Johnston* and *M. M. White* for appellant.

No appearance for the state.

Kinne, J.—I. To the indictment the defendant interposed the plea of not guilty. The jury returned a verdict of guilty, upon which judgment was entered. It appears without conflict that the case was tried below in January, 1895; that the prosecutrix was then over seventeen years of age; that at the time she claims to have been seduced she was over sixteen years of age; that she had lived in Holstein, in Ida county, for about five years prior to the trial, and before that, she had resided in Cherokee county, and attended the school in what was known as the "Cantine District;" that her parents resided in Holstein during the time she lived there. Defendant was postmaster in Holstein, and also carried on the implement business, in a building adjacent to the postoffice building. He had a family, consisting of a wife and several children, all of whom resided with him. The prosecutrix worked as a servant in defendant's family for about nine months, beginning (she claims in November, 1892), as is shown by the great weight of the evidence, in January, 1893. In her direct examination the prosecutrix claims that in January, 1893, the defendant first attempted to have intercourse with her, and that thereafter he made the attempt twice, but did not succeed in penetrating her person until the fourth attempt. She testifies that from this time until May, 1894, the acts of intercourse were frequent, and occurred in the defendant's house and in the post-office building. She claims that they ceased because the fact that they were resorting to the post-office building was discovered and made known to the parties by one Stanton; that after the intercourse

ceased she, in company with Stanton, went to Storm Lake to consult a lawyer.

II.   Error is assigned upon the ruling of the court in excluding an answer to a question asked the prosecutrix on her cross-examination touching the employment of counsel; also, in refusing to permit the defendant to show by the prosecutrix that counsel employed by her demanded money of the defendant in settlement of the alleged seduction, and threatened to put defendant in the penitentiary in case he did not pay it. This evidence seems to have been excluded on the ground that it was not proper cross-examination. There was no error in these rulings. No evidence had been given in chief by the witness touching these matters, or anything else relating thereto.

III.   In the seventh instruction the court tells the jury that, "to warrant a conviction, the defendant must be proved to be guilty so clearly and conclusively that there is no reasonable theory on which he can be innocent, when all the evidence in the case is considered together." In it he also properly and fully defines what is a reasonable doubt, and directs the jury, if they have such doubt of the defendant's guilt, they must acquit him. Coupled with this definition of a reasonable doubt is the following language: "And if there is any one material fact, which is proved to the satisfaction of the jury, by a preponderance of the evidence, which is inconsistent with the guilt of the defendant, this is sufficient to raise a reasonable doubt." It is insisted that in giving this clause of the instruction, the court erred; that from it the jury might be led to believe that the burden was on the defendant to prove by a preponderance of the evidence that he did not have sexual intercourse with the prosecutrix; that the law is that if, upon the whole evidence relating thereto, the jury were unable to determine whether or not defendant did have such

intercourse, then a reasonable doubt would arise, requiring an acquittal. We think the clause objected to is misleading and prejudicial. The instruction was complete and correct without it. It is difficult to understand what the court had in mind in inserting this clause, unless he intended thereby to refer to the evidence touching the previous chaste character of the prosecutrix. That matter, however, was fully referred to in another instruction. We think the jury may well have been led to think, from this statement, that it was incumbent upon the defendant to prove by a preponderance of the evidence some fact inconsistent with his guilt, in order that a reasonable doubt be raised as to his guilt.

IV. Many other questions are argued, but in view of the fact that some of them are of more than ordinary importance, and we have no argument for the state, we ought not to pass upon them. For the error pointed out the judgment below is *reversed*.