Butler vs. The State.

---

BUTLER, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 4 — March 14, 1899.*

*Appeal and error: Abandonment of assignment of error: Criminal law and practice: Statement of offense in complaint: Selection of jurors: Evidence: Insanity: Reasonable doubt: Instructions to jury: Immaterial errors.*

1. An assignment of error not argued will be treated as abandoned unless it presents a palpable and obvious error prejudicial to justice.
2. A complaint made before a justice of the peace, which alleges in the language of the statute that the defendant did wilfully, feloniously, and with malice aforethought kill and murder a certain person, is sufficient to give the justice jurisdiction upon the preliminary examination.
3. The statute providing for the selection of names of jurors by jury commissioners is not invalid because it curtails the right which supervisors formerly had to furnish a jury list.
4. On the trial of an issue as to the sanity of a person charged with murder the admission of a physician's testimony that cuts on the body of the victim appeared to have been made by a sharp instrument and that death occurred from a fracture of the skull and hemorrhage, was not prejudicial to defendant, where those facts were wholly undisputed throughout the case.
5. An instruction that insanity, to constitute a defense, must be such a perverted and deranged condition of the mental and moral faculties as to render a person incapable of distinguishing between right and wrong, or not conscious, at the time, of the nature of the act which he is committing, or such a complete destruction, other than voluntary, of his will that his actions are not subject to it but are beyond his control, is *held* to state correctly the rule of law most favorable to defendant.
6. An instruction in a criminal case that a reasonable doubt is a doubt for which a reason can be given based on the evidence in the case, is correct.
7. An instruction defining a reasonable doubt as being, among other things, "such a doubt as would govern and control a reasonably

prudent man, and deter him from acting or deciding in his own most important affairs and concerns of life," is not erroneous.

8. A mistake, in charging the jury that a reasonable doubt is one which, after a consideration of all the evidence in the case, "leaves the minds of the jury in that condition that they *can* say that they feel an abiding conviction, to a moral certainty, of the truth of the charge,"— using the word " can " instead of " cannot,"— is *held* not to have been a material error, where it is evident from the circumstances and the remainder of the charge that the jury could not have been misled thereby.

9. An instruction that, if there is one single material fact in the case proved to the satisfaction of the jury by a preponderance of the evidence which is inconsistent with the guilt of the defendant, this is sufficient to raise a reasonable doubt and justify an acquittal, is not erroneous as tending to imply that unless some substantive fact is proved by the preponderance of the evidence it will not raise a reasonable doubt, where full and accurate instructions were given as to the persistency of the presumption of innocence, the propriety of the most charitable and merciful construction of the facts, and the necessity that every reasonable doubt should be removed before conviction would be justified.

Error to review a judgment of the circuit court for Waukesha county: James J. Dick, Circuit Judge. *Affirmed.*

*D. J. Hemlock*, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General*, and oral argument by *R. F. Hamilton*, second assistant attorney general.

Dodge, J.    The plaintiff in error, on December 20, 1897, was convicted of murder in the first degree for the killing of his wife on the 5th of July in that year.    There was no dispute as to the fact that he slew her with two or more blows of an ax.    He was tried upon a preliminary issue of insanity, and, being found sane, was then tried upon the issue of his guilt, and from judgment and sentence upon conviction brings this writ of error.

Twenty-two assignments of error are presented in plaintiff in error's brief, more than half of which are not argued, either orally or in the brief; and we shall assume from that

fact that they are abandoned, and shall not consider them. This court ordinarily will not assume the labor of searching for grounds to support assignments of error which counsel deem unworthy of argument, though we should not, for that reason, ignore an assignment which presented a palpable and obvious error prejudicial to justice.

1. It is claimed that the complaint before the justice, upon which the preliminary examination was had, was insufficient. It alleges, in the language of the statute, that the plaintiff in error "did wilfully, feloniously, and with malice aforethought kill and murder one Mary Butler." This is sufficient in a complaint before a justice, where only a substantial statement of some offense is necessary to give the justice jurisdiction. R. S. 1878, sec. 4776; *State ex rel. De Puy v. Evans,* 88 Wis. 260; *Annis v. People,* 13 Mich. 511. Indeed, in *Allen v. State,* 85 Wis. 22, such allegation was held sufficient, in an information, to support a verdict of murder in either the first, second, or third degree.

2. The fifth assignment protests against the present jury law, providing for selection of names by jury commissioners. No ground is pointed out except that it curtails the right of supervisors of the different towns to furnish a jury list. That right, when it existed, was purely statutory, and could, of course, be withdrawn in the discretion of the legislature.

3. The sixth assignment complains that, upon the trial of the issue of insanity, a physician was allowed to testify that the cuts upon the body of the victim appeared to be made by a sharp instrument, and that death occurred from a fracture of the skull and hemorrhage. These facts were so wholly undisputed throughout the case that the testimony could not have been prejudicial to the defendant at any stage of the case.

4. Under the sixteenth assignment plaintiff in error assails that portion of the court's charge on the question of sanity in which the jury were instructed that insanity means "such a perverted and deranged condition of the mental and moral

faculties as to render a person incapable of distinguishing between right and wrong, or not conscious, at the time, of the nature of the act which he is committing." Apparently the only criticism made by the plaintiff in error is that insanity, to constitute a defense, may also consist in the loss or subordination of the will, so that, although the moral character of the act may be understood, the conduct of the accused is beyond his control.

There are many respectable authorities to support even that portion of the charge of which plaintiff in error complains, if it stood alone. 4 Am. & Eng. Ency. of Law, 715; *State v. Erb*, 74 Mo. 199. But it is unnecessary to pass on that question, for the court's charge did include both classes of insanity, and did fully instruct the jury that the loss by disease of either the *cognitive* or the *conative* power was sufficient to constitute a defense. The words above quoted were immediately followed by: "Or where, though conscious of it, and able to distinguish between right and wrong, and knowing that the act is wrong, yet his will, by which is meant the governing power of his mind, has been otherwise than voluntarily so completely destroyed that his actions are not subject to it, but are beyond his control." The charge as given, therefore, seems to be a correct statement of the rule of law most favorable to defendant, and in full accord with that applied in *Guiteau's Case*, 10 Fed. Rep. 161, by Judge Cox, whose charge in that famous case deservedly occupies a high place in judicial literature for thoroughness of investigation and accuracy of expression.

5. The fifteenth, twentieth, twenty-first, and twenty-second assignments of error present certain criticisms upon the court's charge as to reasonable doubt. That charge was given twice,— first upon the submission of the question of insanity, and again upon the submission of the question of guilt, to the jury. The portion excepted to was as follows: "A reasonable doubt is that state of the case which, after

Butler vs. The State.

an entire comparison and consideration of all the evidence
in the case, leaves the minds of the jurors in that condition
that they cannot say that they feel an abiding conviction,
to a moral certainty, of the truth of the matter.   But it is
not necessary that you should be satisfied beyond all possi-
bility or suspicion of a doubt of the truth of the matter.
Doubts that are not based upon a careful and reasonable
consideration of all the testimony, facts, and circumstances
proved upon the trial, and are purely imaginary, or born of
sympathy alone, or of the ingenious suggestion of counsel,
not based on the evidence in the case, should not influence
your verdict.   Possible or sympathetic doubts have no proper
place in your deliberations.   A reasonable doubt is a doubt
founded upon a consideration of all the testimony, facts, and
circumstances proved on the trial, and based on reason; a
doubt for which a reason can be given, based on the evi-
dence in the case; and such a doubt as would govern and
control a reasonably prudent man, and deter him from act-
ing or deciding in his own most important affairs and con-
cerns of life.   But you should give the facts proven in the
case the most reasonable, charitable, and merciful construc-
tion consistent with all the evidence in the case.   And if
there is one single material fact in the case proved to your
satisfaction by a preponderance of the evidence in the case,
or the greater weight of the evidence, which is inconsistent
with the guilt of the defendant as to any of the degrees of
crime submitted to you for your determination in this case,
this is sufficient to raise a reasonable doubt as to the guilt
of the defendant as to the degree of crime to which such
material fact is connecting him and part of,—in such case
the jury should acquit the defendant as to such degree of
crime where any such doubt exists."

The particular complaints suggested by plaintiff in error
will be considered in their order:

(a) Plaintiff in error attacks the expression that a reason-

able doubt is "a doubt for which a reason can be given, based on the evidence in the case." It is unnecessary again so soon to go at any length into the question of proper instruction from court to jury of the somewhat abstruse distinctions involved in the expression "reasonable doubt." In the very recent case of *Emery v. State*, 101 Wis. 627, the subject is fully discussed. In that case the entire equivalent of the phrase here objected to was used, viz.: "If there arise in your mind a doubt for which a good reason arising from the evidence can be given, it is your duty to give the defendants the fullest and amplest benefit of that, and acquit them." This was held free from error in that case, and we adhere to that view. The phrase assailed is not an incorrect method of stating the distinction between that measure of uncertainty which justifies an acquittal and the mere fanciful, unfounded, speculative doubt which can always be raised, even as to the existence of facts most obvious to our senses. A doubt cannot be rēasonable unless a reason therefor exists, and, if such reason exists, it can be given.

(*b*) Error is assigned upon the following definition: "Such a doubt as would govern and control a reasonably prudent man, and deter him from acting or deciding in *his own* most important affairs and concerns of life." The criticism here made is one which has been fully discussed by this court; last in the case of *Emery v. State*, 92 Wis. 146, 152, and earlier in *Anderson v. State*, 41 Wis. 430. In the *Anderson Case*, an instruction which gave to the jury as a guide "that prudence and reason which govern you in the *ordinary conduct of your affairs*" was held inadequate, and the rule stated that they should bring to their duty "the reason and prudence which they would exercise in *the most* important affairs of life." In the *Emery Case* the defect was the omission of the word "most," the guide given the jury being such care "as would lead a careful and prudent man to act affirmatively *in important matters of his own*." The only vari-

ance of the charge in this case from the rule declared in *Anderson v. State* is the substitution of the word "his" for the word "the." It is unfortunate, when definite language has been prescribed as exactly expressing a rule, that such language should not be adhered to, and that even the slightest variation therefrom should give justification for debate as to the sufficiency of the words used. We reiterate what was said by Mr. Justice WINSLOW in *Emery v. State, supra:* "A juryman in a criminal case must use all the reason, prudence, and judgment which a man would exercise in the most important affairs of life, and an instruction authorizing the use of any less degree of reason, prudence, and judgment is erroneous." It seems to us, however, hypercritical to contend that the substitution of "his most important" for "the most important" has the effect to authorize that forbidden "less degree" of reason and prudence. It cannot be doubted that "the most important affairs" in which an individual is to exercise judgment and precaution are those which are most important to himself. Whether their importance to others or to the public at large may be the greatest is not the consideration which affects his own judgment. The words used in the instruction complained of are, for the purpose of guiding the jury, equivalent to those prescribed by *Anderson v. State*, and did not authorize any relaxation of the vigilant prudence required in reaching their judgment. *Bradley v. State*, 31 Ind. 494, 504.

(c) The portion of the charge here assigned as error is as follows: "A reasonable doubt is that state of the case which, after an entire comparison and consideration of all the evidence in the case, leaves the minds of the jurors in that condition that they *can* say that they feel an abiding conviction, to a moral certainty, of the truth of the charge. But it is not necessary that you should be satisfied beyond all suspicion of a doubt that the defendant is guilty before you can convict." This is obvious confusion and absurdity. An

examination of the rest of the record convinces us that, while a correct quotation from the bill of exceptions, the appearance there of the instruction in this form is due to a mere clerical mistake in transcribing the words in fact used by the court. An examination of the charge upon the issue of insanity shows that the subject of reasonable doubt was there treated verbatim as in the charge upon the issue of guilt. The charge must have been written in order to secure this identity in words, and we have no doubt that in such charge as so written by the court and delivered to the jury the words were "that they cannot say" instead of "that they can say." The foregoing remarks are made in justice to the circuit judge, whose well-known care and erudition are inconsistent with so obvious a blunder as is here presented. Treating the objection, however, as if the mistake had in fact been made, we are satisfied that the jury could not have been misled thereby. The persistency with which the court insisted throughout the charge on the efficiency of a reasonable doubt as to any of the issues to defeat a conviction, the utter inconsistency of the final sentence of this very quotation with the idea that the reasonable doubt was to work against the accused instead of in his favor, and the fact that to this same jury "reasonable doubt" had been correctly defined in an earlier stage of the trial by the use of exactly the same phraseology without the omission of this negative word, convinces us that to any ordinarily intelligent mind the true meaning must have been apparent, even if the word "not" had been omitted. It is true that in the case of *Revoir v. State*, 82 Wis. 295, the charge that insanity must be proved beyond a reasonable doubt was held reversible error; but the considerations there involved are very different from those here. Insanity is an affirmative defense, and laymen may well be uncertain as to whether the duty is not upon the defendant who asserts it to bear the burden of establishing it. Indeed, it has been a vexed question in courts, and,

while the great weight of authority is with the holding of this court that, when sanity becomes an issue, it must be established by the prosecution like every other fact, yet even judicial minds have differed thereon, and the direct instruction to the nonprofessional jury that the burden lay on the accused to prove insanity might well have been understood according to its terms. It is not possible, however, that any man of ordinary intelligence, in the light of the rest of this charge, could have understood that conviction instead of acquittal must follow if a reasonable doubt existed. The very extravagance of the proposition renders it innocuous.

(*d*) Error is predicated upon the instruction: " If there is one single material fact in the case proved to your satisfaction by a preponderance of the evidence, . . . this is sufficient to raise a reasonable doubt, and the jury should acquit the defendant."

The expression here criticised is not a fortunate one. While, of course, it is strictly accurate, yet, standing alone, it is possible that it might convey to the minds of jurymen the converse implication,— that, unless some substantive fact were proved by the preponderance of the evidence, it would not raise a reasonable doubt. But we cannot say in this case, and in the light of the very full and accurate instructions given to the jury as to the persistency of the presumption of innocence, the propriety of the most charitable and merciful construction of the facts, and the necessity that every reasonable doubt should be removed before conviction would be justified, that it could have misled them. If counsel for the accused deemed this instruction, strictly correct in itself, to be misleading, or to suggest by implication a wrong rule, he could have requested such additional instruction as would have obviated any such effect. True, the supreme court of Iowa has considered a charge substantially like this sufficiently misleading in its implications to justify a reversal, but we have not before us the remainder of the charge in

that case, nor the peculiar issues which were presented, both of which are material considerations as to the effect or significance of such a charge. *State v. Judiesch*, 96 Iowa, 249.

On the other hand, in *State v. Roberts*, 15 Oreg. 187, the refusal of a request by the accused for the giving of substantially this instruction was affirmed because it was too favorable to the accused.

We have carefully examined the record in this case, and find nothing therein to throw any doubt upon the care, impartiality, and fairness of the trial, nor upon the correctness of the conclusion reached in the court below, whereby, as we are convinced, even-handed justice was administered.

*By the Court.*— Judgment affirmed.