GORDON, Plaintiff in error, vs. THE STATE, Defendant in
error.

*May 25—June 17, 1914.*

*Appeal and error: Bill of exceptions imports verity: Harmless er-
rors: Criminal law: Perjury: Complaint: Filing: Sufficiency:
Evidence: Materiality: Cross-examination.*

1. Upon error to review a conviction for perjury, a statement in
   the bill of exceptions that the complaint and the warrant is-
   sued thereon were offered and received in evidence is conclu-
   sive that a complaint was filed before the examining magis-
   trate, though only the warrant is returned with the bill; and
   where such warrant recites the substance of the complaint,
   showing that it conformed substantially to the requirements.
   of sec. 4661, Stats., it affirmatively appears that the complaint.
   was sufficient.
2. Where, upon the prosecution of a person for giving whisky to.
   an Indian, the alleged recipient testified falsely that such per-
   son gave her no whisky, she was guilty of perjury even if
   she was not an Indian, and upon her subsequent trial for such
   perjury the fact that she was not an Indian was wholly imma-
   terial.
3. Exclusion of a question asked on cross-examination of a witness.
   as to a matter upon which he had not been examined in chief,.
   even if error, was not prejudicial where the court afterward
   permitted him to testify to the fact sought to be elicited by
   such question.
4. As to all proceedings on the trial below the bill of exceptions.
   imports verity and is not open to contradiction even by the
   minutes of the clerk of the trial court.
5. Thus, where the bill of exceptions shows that the foreman of
   the jury announced a verdict of "Guilty," but on producing the
   written verdict discovered that he had by mistake signed the
   blank verdict of. "Not guilty" (two forms having been fur-
   nished to the jury), whereupon the jury were allowed to retire
   again, and upon their return announced again that their ver-
   dict was "Guilty," such facts cannot be contradicted by a
   statement in the clerk's minutes that the jury first returned a
   verdict of "Not guilty."

ERROR to review a judgment of the circuit court for Bay-
field county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Error brought to reverse a conviction for perjury.   The

information charged in substance that the plaintiff in error (hereinafter called the defendant) on the 1st day of October, 1912, committed the crime of perjury in a criminal action before the Third municipal court of Bayfield county by falsely testifying that one George Troy did not give to her whisky on the 30th day of September, 1912, whereas in fact the said Troy did give her whisky at said time. To this information a so-called plea in abatement was filed, stating (1) that she was not guilty; (2) that no complaint had been filed against her before the examining magistrate; (3) that neither the complaint nor warrant charged any crime; (4) that no evidence showing any criminal offense was taken before the examining magistrate; (5) that no evidence was offered or received before said magistrate tending to show that there was probable cause to believe the defendant guilty of any criminal offense; (6) that she has received an allotment of land from the United States as an Indian; (7) that she is a civilized person and a citizen of the United States of Indian descent and not a member of any tribe; (8) that the information filed states no facts constituting a crime; and (9) that she is not and never was a fugitive from justice. The state demurred to all of the plea except the fourth and fifth paragraphs, which paragraphs it denied. The records of the municipal court were received in evidence on the issue of fact raised by the denial of the fourth and fifth paragraphs of the plea, and the court sustained the demurrer, held against the defendant on the issue of fact, and thereupon the trial proceeded before a jury on the plea of not guilty, resulting in a conviction.

*J. K. Parish,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

WINSLOW, C. J. The prosecution of Troy was a prosecution under sec. 1567, Stats., for giving whisky to an Indian,

*i. e.* the defendant.   In that case there were two issues: (1) whether Troy gave the defendant any whisky, and (2) whether the defendant was an Indian.   On the trial of that case the defendant was a witness.   The claim of the state in the present case is that she then falsely testified that Troy gave her no whisky.   The serious claims made by the defendant will be briefly considered.

1. That there was no valid complaint filed or warrant issued in the preliminary examination in the present case. The bill of exceptions states that both the complaint and warrant were offered and received in evidence.   Only the warrant, however, is returned with the bill.   The fact is therefore undoubted that there was a complaint filed, and as the warrant recites the substance of the complaint and shows that it conformed substantially to the requirements of sec. 4661, Stats., regulating informations for perjury, it affirmatively appears that the complaint was sufficient.   Only a substantial statement of a criminal offense in the complaint is necessary to give the examining magistrate jurisdiction.   *Butler v. State,* 102 Wis. 364, 78 N. W. 590.

2. The claim that the defendant was in fact a civilized person and not an Indian was absolutely immaterial.   That question was involved in the Troy case, but not in the present case.   In the Troy case he was entitled to an acquittal either if *Charlotte Gordon* was not an Indian or if he did not give her any whisky.   A witness who wilfully testified falsely as to either fact was guilty of perjury whether the other fact was proven or not.   A wilful false swearer is not purged of crime because a successful defense exists concerning which he gave no testimony.   If the defendant testified falsely in the Troy case as to the fact of Troy's giving her liquor, her criminal responsibility would not be changed in the least, even if it were demonstrated that she was not an Indian.   Both issues were material and remained material to the end.

3. Troy was a witness on behalf of the state, but was

asked no questions concerning the proceedings upon his own trial. Upon cross-examination he was asked whether the defendant did not subsequently correct her first testimony in the Troy case and admit that Troy did give her some liquor. Objection to this question was sustained and error is assigned on the ruling. The ordinary rule is that cross-examination of a witness not a party to the suit should be limited to the matters upon which the witness has been examined in chief, although this rule is not unyielding, and much deference is paid to the discretion of the trial court. In the present case it appears that the court allowed the witness to state that defendant (after having first denied the fact that liquor was given her by Troy) at a subsequent period admitted the fact. So in any event there was no prejudice.

4. It appears by the bill of exceptions that when the jury first returned into court and stated that they had agreed on a verdict they were asked what it was, and the foreman answered "Guilty;" that the court asked to see it, and the foreman produced a written verdict from his pocket and on looking at it discovered that he had by mistake signed the blank verdict of "Not guilty" (the jury having been furnished with two blanks when they retired), whereupon they were allowed to again retire, and upon their return into court announced again that their verdict was "Guilty." The mistakenly signed verdict of "Not guilty" was preserved, and it seems that the clerk of court recorded in his minutes that the jury first returned a verdict of "Not guilty." It is now claimed that the clerk's minutes must control and that the defendant was in fact acquitted. This position is untenable. As to all proceedings on the trial the bill of exceptions imports verity. It is not open to contradiction.

No other questions are deemed worthy of special treatment.
*By the Court.*—Judgment affirmed.