## BEAVERS v. STATE.

### Opinion delivered May 15, 1916.

1.  PERJURY—PROOF.—A. and B. were charged with the crime of gaming. C. was called as a witness and testified that A. and B. were
    not gaming. Thereafter A. and B. plead guilty. *Held*, a conviction
    of C. for perjury would be sustained.

2.  PERJURY—MATERIALITY OF FALSE STATEMENT.—Where there is no
    dispute about the fact sworn to, the question whether the testimony
    on which perjury was assigned was material, was a question of
    law for the court.
3.  PERJURY—INDICTMENT—An indictment charging perjury is suffi-
    cient, if the substance of the offense is charged, by what court the
    oath was administered, averring that the court had authority to
    administer the oath, with proper averments to falsify the matter
    wherein the perjury is charged.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

*E. H. Vance, Jr.,* and *Albert W. Jernigan,* for appellant.

1.  The court did not inform appellant of his rights; that he did not have to testify against himself. 171 S. W. 862; 115 Ark. 390.

2.  It was error to permit the justice to testify contradicting his record. 159 S. W. 542; 89 S. W. 829.

3.  The indictment is fatal because it fails to allege that there was a game of dice played for money, or any other game, by Eason and Bryant. 91 Ark. 205; 1 Mich. N. P. 141.

4.  The materiality of the matter assigned as perjury is for the determination of the court, and it is error if it be left to be ascertained by the jury. 32 Ark. 192; 88 *Id.* 115; 99 *Id.* 629; 3 S. W. 662; 59 *Id.* 75; 102 *Id.* 480; 115 *Id.* 1126 . There is no criminality in this case.

*Wallace Davis,* Attorney General, *Hamilton Moses,* Assistant, for appellee, *D. D. Glover,* Prosecuting Attorney, of counsel.

1.  The testimony shows wilful perjury. The five instructions given for the State state the law correctly.

2.  It is only in cases where there is no dispute about the facts that it becomes the duty of the court to say whether the testimony is material or not. 88 Ark. 115; 91 *Id.* 505; 99 *Id.* 629. Here there was a dispute and it was proper to submit it to the jury.

3.  It is not necessary that the false testimony offered influence the decision of the court or jury, so long

as it is on a material point in issue. 3 Mich. 556; 69 Ill. 148; 2 Bishop New Cr. Law, § 1028; 3 Leon. 230; Kirby's Digest, § 1968; 32 Ark. 117. When the testimony is material, when it is knowingly and intentionally false, then the crime is proved. 87 Ark. 564; 78 *Id.* 567; 91 *Id.* 200.

HART, J. Joe Beavers prosecutes this appeal to reverse a judgment of conviction against him for the crime of perjury. The material facts are as follows:

On the 21st day of May, 1915, Arthur Bryant and Mansco Eason were seen by a constable gambling in the back of the ball park in the city of Malvern, Hot Spring County, Arkansas.

The constable testified that they were shooting dice for money and that Geo. Wheeler, Bud Posey and Joe Beavers were sitting down by them watching the game. The constable arrested Arthur Bryant and Mansco Eason and brought them to the office of D. M. Noble, a justice of the peace, to be dealt with according to law. The other three, including the defendant, were told to come to the justice's office, as witnesses for the State. They went along with the constable. When Eason and Bryant were brought to the justice's office, the prosecuting attorney was notified and he filed information against them, charging them with gaming. They announced ready for trial and entered a plea of not guilty. The other three, the defendant included, were sworn as witnesses for the State and the rule being asked, were placed in a separate room.

The constable testified that he saw Eason and Bryant gaming with dice and saw them pass several pieces of money between them. Joe Beavers testified that Eason and Bryant were not gaming at all; that he was sitting there by them and that no money passed between them; that they had no dice, but were playing mumble-peg with a knife. After he had given his testimony, Arthur Bryant, after consulting with his brother-in-law, asked permission of the court to withdraw his plea of not guilty

and enter a plea of guilty. Eason, the other defendant,
who was being jointly tried with Bryant, made the same
request. The justice of the peace granted their request
and entered separate judgments against each of them
on his plea of guilty.

The above facts were proved on the trial of the
present case.

Arthur Bryant and Mansco Eason both testified that
they were playing a game of craps on the day in question
and betting on the game, and both stated that the de-
fendant was present. Bryant also testified that he heard
Joe Beavers testify at their trial before the justice of
the peace that they were playing mumble-peg.

The constable and justice of the peace both testified
that they heard Joe Beavers testify in the trial before
the justice of the peace, that he stated there, that Eason
and Bryant did not shoot dice for money, but that they
were playing mumble-peg with a knife. The testimony
was sufficient to warrant the jury in returning a verdict
of guilty.

It is insisted by counsel for the defendant that the
judgment should be reversed because the justice of the
peace did not inform Beavers that he could not be com-
pelled to testify in the trial of the case against Eason and
Bryant. Counsel rely on the case of *Claborn* v. *State,*
115 Ark. 387. The facts in that case are essentially dif-
ferent from those in the present case. There the charge
by the State against Claborn was pending before the
grand jury and the charge of perjury was based upon
what Claborn testified before the grand jury in the in-
vestigation of the charge against himself. The court held
that an indictment for perjury based upon alleged false
swearing in a criminal proceeding pending before a grand
jury against the person himself giving the alleged false
testimony, is fatally defective unless it alleges that the
accused voluntarily appeared before the grand jury to
give testimony upon which the indictment for perjury is
predicated. Here Beavers was called to testify as to a
charge of gaming against Bryant and Eason. Even if

he had been in the same game he could have been called to testify. *State* v. *Quarles,* 13 Ark. 307. The records show that after Beavers had given his testimony before the justice of the peace, that Eason and Bryant, who were being jointly tried, withdrew their plea of not guilty to the charge of gaming. Counsel for the defendant contends that because Eason and Bryant finally entered a plea of guilty, that perjury could not be predicated upon what Beavers testified before the justice of the peace.

(1) In the case of *Scott* v. *State,* 77 Ark. 455, the court held that where perjury has been committed as to a material matter, it does not lie with the perjurer to say that if he had sworn the truth, the case for other reasons would have failed. Applying that principle here it may be said that the testimony of Beavers upon which the perjury is based, related to a fact which was material in the gaming case against Bryant and Eason. So if he swore falsely in respect to any material fact in that case he is guilty of perjury, although a judgment of conviction could have been entered upon the plea of guilty afterwards made by Eason and Bryant.

(2) Counsel next contends that the question of materiality of the testimony was for the court and not for the jury. It is true the general rule is that on a trial for perjury, the court determines the materiality of the alleged false testimony and that an instruction leaving that question to the jury is erroneous. *Saucier* v. *State,* (Miss.) 21 A. & E. Ann. Cases, 1155. Here, however, there was no dispute about the fact sworn to, and the question whether the testimony on which perjury was assigned was material was a question of law to be decided by the court and not of fact to be passed upon by the jury. *Grissom* v. *State,* 88 Ark. 115; *Barre* v. *State,* 99 Ark. 629.

(3) Finally it is insisted that the indictment was too general and indefinite to support a charge of perjury. The indictment for perjury under our statute does not require the same strictness in the details and recitals as the law required for indictments for the same offense at

common law. If the substance of the offense is charged (by what court the oath is administered, averring that the court had authority to administer the oath, with proper averments to falsify the matter wherein the perjury is charged), it is sufficient. The object is that all indictments preferred against violators of law should be sufficiently clear and explicit, to enable the person charged with an offense to know with certainty what he is called upon to answer. *Loudermilk* v. *State*, 110 Ark. 549; *State* v. *Green*, 24 Ark. 591. In the instant case the indictment charges in what court the oath alleged to be false was taken and that the court before which the oath was taken had proper authority to administer it. The indictment also after stating the criminal charge in which the alleged false oath was taken states that Joe Beavers "feloniously, falsely, knowingly and corruptly testified, that the said Mansco Eason and Arthur Bryant were not gaming or unlawfully betting money on a game of hazard or skill, but that they were playing mumble-peg with a knife, when in truth and in fact they were gaming and betting money on a game of hazard or skill," etc. While this averment does not state the particular testimony, it does set forth the substance of it with proper allegation of the falsity of the matter on which the perjury is assigned. In our opinion all the requirements of the law are satisfied in the indictment. We find no prejudicial error in the record and the judgment will be affirmed.