STATE *v.* LEATHERMAN.

Opinion delivered September 25, 1916.

PERJURY—SUFFICIENCY OF INDICTMENT.—The indictment charging that defendant was guilty of the crime of perjury, *held* sufficient, and that the trial court erred in sustaining a demurrer thereto.

Appeal from Greene Circuit Court; *J. F. Gautney*, Judge; reversed.

*Wallace Davis*, Attorney General, *Hamilton Moses*, Assistant, and *M. P. Huddleston*, Prosecuting Attorney, for appellant.

1.    It was error to sustain the demurrer to the indictment.    110 Ark. 549; 91 *Id.* 200; 124 Ark. 38.

SMITH, J.    This appeal has been prosecuted from an order and judgment of the Greene Circuit Court sustaining a demurrer to the following indictment:

"The grand jury within and for Greene county, Arkansas, in the name and by the authority of the State of Arkansas, accuse the defendant, Charles Leatherman, of the crime of perjury, committed as follows, to wit:

"In the county and State aforesaid, on the 8th day of April, 1916, then and there came on for preliminary investigation and trial, before A. B. Hays, justice of the peace within and for Clark township, Greene county, Arkansas, a case wherein the State of Arkansas was plaintiff and Ed Clark defendant upon a felony charge, to wit: upon the charge that he, the said Ed Clark, had sold intoxicating liquor in Greene county, Arkansas, since the first of January, 1916.    The said justice of the peace court aforesaid then and there having jurisdiction to try, hear and determine said case aforesaid; and then and there came the defendant, Charles Leatherman, who was then and there by A. B. Hays, justice of the peace aforesaid, duly sworn that the testimony that he should give in said cause should be the truth, the whole truth and nothing but the truth; he, the said A. B. Hays aforesaid, then and there having lawful authority to administer said oath aforesaid to said Charles Leatherman aforesaid. The said Charles Leatherman aforesaid then and there being qualified as a witness aforesaid to testify in behalf of the State of Arkansas; and, then and there being duly sworn as aforesaid, in the manner and form as required by law, and hereinbefore set out; did then and there unlawfully, wilfully, knowingly, corruptly, wickedly, falsely and feloniously testify, depose and say that on the

27th day of March, 1916, one Buck Taylor did not deliver to him one dollar in money with which to purchase intoxicating liquor; and that he, the said Charles Leatherman, did not receive from the said Buck Taylor one dollar in money for which to purchase intoxicating liquor, and that he, the said Charles Leatherman, did not on said day, or at any other times since January 1, 1916, and in the county and State aforesaid, purchase a pint of intoxicating liquor for him, the said Buck Taylor, and deliver to him, the said Buck Taylor, said intoxicating liquor aforesaid. Which said testimony so given aforesaid, in said cause aforesaid, was then and there unlawfully, wilfully, wickedly, corruptly and feloniously false in this: That on the 27th day of March, 1916, in the county and State aforesaid, the said Buck Taylor did deliver to the said Charles Leatherman one dollar in money, for which to purchase intoxicating liquor, and the said Charles Leatherman did, on the 27th day of March, 1916, in the county and State aforesaid, receive from the said Buck Taylor one dollar in money with which to purchase intoxicating liquor; and the said Charles Leatherman, on the 27th day of March, 1916, in the county and State aforesaid, after receiving said one dollar in money aforesaid, did purchase and deliver to the said Buck Taylor one pint of intoxicating liquor. Which said testimony aforesaid, so given aforesaid, in said cause aforesaid, was then and there material to the inquiry then and there under investigation. The court then and there inquiring into the question as to whether a felony had been committed in said county and State aforesaid by the said Ed Clark aforesaid. The said Charles Leatherman aforesaid then and there well knowing that his said testimony aforesaid was then and there unlawfully, wilfully, knowingly, corruptly and feloniously false, against the peace and dignity of the State of Arkansas.

"M. P. Huddleston, Prosecuting Attorney.".

In his demurrer appellee sets up twelve separate and distinct reasons for which he alleges the indictment is bad. Most of these reasons have so little merit that we assume they were not seriously considered by the court

below. We are not aware upon which one or more of the grounds assigned the demurrer was sustained, as appellee has not favored us with a brief, but the Attorney General has apparently briefed the grounds which were pressed upon the attention of the court below and we shall discuss those only.

It is urged that "the indictment does not allege that A. B. Hays, the alleged justice of the peace before whom the alleged cause of the State of Arkansas against Ed Clark was pending was either an elected, appointed, qualified or acting justice of the peace within and for Greene county, Arkansas." In answer to this ground of demurrer, it may be said that section 1970 of Kirby's Digest provides:

"In indictments for perjury, it shall be sufficient to set forth the substance of the offense charged, and by what court or before whom the oath or affirmation was taken, averring such court or person to have competent authority to administer the same, together with the proper averments to falsify the matter wherein the perjury is charged or assigned, without setting forth any part of the record, proceedings or processes either in law or equity, or any commission or authority of the court or person before whom the perjury was committed, or the form of the oath or affirmation, or the manner of administering the same."

The allegations of the indictment as to the jurisdiction of the officer administering the oath are as follows: "The said justice of the peace court aforesaid then and there having jurisdiction to try, hear and determine said case aforesaid, and then and there came the defendant, Charles Leatherman, who was then and there by A. B. Hays, justice of the peace aforesaid, duly sworn that the testimony he should give in said cause should be the truth, the whole truth and nothing but the truth; he, the said A. B. Hays aforesaid, then and there having lawful authority to administer said oath aforesaid to said Charles Leatherman aforesaid." These allegations appear to meet the requirements of the section of the statute quoted. An allegation somewhat less specific

than the one set out was held sufficient in the case of *Loudermilk* v. *State,* 110 Ark. 549, in which case we quoted from 30 Cyc. 1429, the following language:

"In an indictment for perjury, the authority of the officer to administer the oath must be shown by proper averment. If it is not, the indictment will be fatally defective. This may be done either by an express averment that the officer had authority, or by setting out such facts as make it judicially appear that he had such authority. Where the authority of the officer to administer the oath fully appears by the facts set forth in the indictment, the formal allegation of his authority is unnecessary, since the court will take judicial notice thereof."

It is urged that "the indictment does not allege that defendant, Charles Leatherman, testified the alleged false testimony in the case of State of Arkansas against Ed Clark, so alleged to have been pending before said alleged justice of the peace." The allegations of the indictment are: "Then and there came the defendant, Charles Leatherman, who was then and there by A. B. Hays, justice of the peace aforesaid, duly sworn that the testimony he should give in said cause should be the truth, the whole truth and nothing but the truth; he, the said A. B. Hays aforesaid, then and there having lawful authority to administer said oath aforesaid to said Charles Leatherman aforesaid. The said Charles Leatherman aforesaid then and there being qualified as a witness aforesaid to testify in behalf of the State of Arkansas; and, then and there being duly sworn as aforesaid, in the manner and form as required by law, and hereinbefore set out; did then and there unlawfully, wilfully, knowingly, corruptly, wickedly, falsely and feloniously testify, depose and say." These allegations appear to charge that appellee was sworn to testify on behalf of the State in the case of the *State of Arkansas* v. *Ed Clark,* and that he testified in that cause. Further allegation or recital on that score was not only unnecessary but would have been without effect.

One of the grounds urged upon the court below was that the indictment did not sufficiently negative the affirmative matter pleaded. There is a statement of the evidence given which is transversed by a recital of what the truth in fact was.

It is finally urged that the materiality of the false evidence is not alleged. But it is alleged that the justice of the peace was investigating a charge of selling "intoxicating liquors in Greene County, Arkansas, since the first of January, 1916," and we judicially know that such an act is a felony under the laws of this State. Act No. 30, Acts, 1915, p. 98. Moreover, the indictment alleges that the false evidence was material, and this allegation is sufficient even though there were no recitals from which the materiality of the evidence appeared. *Smith* v. *State*, 91 Ark. 200; *Loudermilk* v. *State, supra.*

A very recent case defining the essentials of a valid indictment for perjury is that of *Beavers* v. *State,* 124 Ark. 38, 186 S. W. 300, and we think the indictment set out meets the requirements of that case.

It follows, therefore, that the court erred in sustaining the demurrer, and the same should have been overruled.

Reversed and remanded.