PRESTON N. GILMAN'S APPEAL FROM PROBATE (ESTATE OF FRAZIER GILMAN).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 15th—decided July 26th, 1932.

*C. Milton Fessenden,* for the appellant.

*William F. Tammany* and *L. Goldschmidt,* for the appellee.

PER CURIAM. This is an appeal from the judgment of the Superior Court affirming a decree of the Court of Probate of the district of Norwalk admitting to probate the will of Frazier Gilman. The ground of opposition to the will was that the testator lacked mental capacity to make it. The only errors assigned on the appeal to this court are three rulings on evidence. One was the admission in rebuttal of the opinions of medical experts as to the testator's mental capacity. It is the long-established practice in this State for the proponents of a will to call one or more of the subscribing witnesses, have them testify as to its execution and the mental capacity of the testator, then rest upon the prima facie case so established and upon rebuttal produce such further evidence of mental capacity as they desire. *Dale's Appeal,* 57 Conn. 127, 132, 17 Atl. 757; *Livingston's Appeal,* 63 Conn. 68, 74, 26 Atl. 470; *Vincent* v. *Mutual Reserve Fund Life Asso.,* 77 Conn. 281, 287, 58 Atl. 963. We see no occasion to depart from this rule of practice at this late day. One of these expert witnesses was asked a rather long hypothetical question ending with the query whether in his opinion the testator had sufficient mental capacity to know the business in which he was engaged, the natural objects of his bounty and the estate of which he was possessed. The appellant objected because of the inclusion in the query of the reference to the natural objects of the testator's bounty, stating that the question included nothing as to the history of the family, the family itself or the terms of the will. In his brief the appellant makes a broader objection, but we must determine the correctness of the ruling of the trial court upon the basis

of the objection made at the trial. The question did state that the testator had children and grandchildren, and that in the will he did make provision for each of them. But, that aside, the question was not intended to elicit an opinion as to the testator's mental capacity to know the particular persons who were in fact the natural objects of his bounty, but rather as to his capacity to realize the ties of relationship and affection which bound him to the members of his family, whoever and however related to him they might be. There was no error in overruling the objection. The other rulings assigned as error consist in the admission in evidence of a copy of the testator's appointment as committee of the person and property of his sister, and of the decree accepting his final account as such. The objection was that the whole record of the proceedings was not offered. This is not a case where that was essential; 4 Wigmore, Evidence (2d Ed.) § 2110; nor does it appear that harm could have been done to the appellant by the trial court's rulings.

There is no error.