THE STATE OF CONNECTICUT *vs.* ALFONSE C. FASANO.

MALTBIE, C. J., HAINES, BANKS, AVERY and ELLS, Js.

Argued December 5th, 1934—decided February 5th, 1935.

*James E. McKnight,* with whom, on the brief, was *George G. DiCenzo,* for the appellant (accused).

*Samuel E. Hoyt,* State's Attorney, with whom was *Abraham S. Ullman,* Assistant State's Attorney, for the appellee (the State).

MALTBIE, C. J. The information against the defendant was in three counts. In the first, he was charged with forging a replevin bond with the intent to defraud Wanda Pellegrino, Germain Gabriel, a certain named corporation and other persons; in the second, with uttering the forged document with the same fraudulent intent; and in the third, with having committed perjury in testifying in a court proceeding brought to enforce the bond. The jury found him

guilty upon all three counts and he was sentenced to state prison, the sentences upon the different counts to run concurrently. To a considerable extent there is no dispute as to the facts.

The defendant, as attorney for Adelaide Pizzorusso, brought an action of replevin against Gabriel and the corporation named in the information. Annexed to the writ, as required by the statutes, was a replevin bond in the usual form in which Adelaide Pizzorusso was named as principal and Wanda Pellegrino as surety and which purported to have been subscribed by them and taken before the defendant as a commissioner of the Superior Court. In fact the defendant wrote the signature purporting to be that of the latter. The writ was given to an officer to serve and by means of it he replevied the goods described in it. Judgment having ultimately been rendered for the defendants in that action, they brought a suit in the Court of Common Pleas against Adelaide Pizzorusso upon the bond. In the trial of that action the accused, called as a witness by the plaintiff, testified under oath that the bond was executed and subscribed before him by both women. Later, the trial judge having stopped the trial and had a conference with him in chambers, he changed his testimony and stated that in fact he signed the name of Wanda Pellegrino to the bond. His substantial contention as regards the first two counts is that Wanda Pellegrino had signed a bond to be used in the replevin action in blank; that later this was filled in and signed by Adelaide Pizzorusso; that it was this bond which he intended to annex to the writ to be served by the officer and returned to court; but by mistake he did annex a bond which Adelaide Pizzorusso had signed but upon which he had written the name of Wanda Pellegrino and which he intended to have used merely as a copy; and that he had no

intent to defraud anyone. As regards the count charging perjury, the substantial claims of the defendant upon the facts were that as matter of law the genuineness of the signature of Wanda Pellegrino upon the bond was not material to any issue in the case on trial; and that, as matter of fact, he understood the only issue in the case to be as to the genuineness of the signature of Adelaide Pizzorusso; that when he was testifying he did not have the writ before him, did not know that the bond annexed to it was the one upon which he had written the signature of Wanda Pellegrino and did not examine the signatures carefully, but merely identified the writ as that which had issued from his office; and that he testified in good faith that Wanda Pellegrino had signed it.

One of the assignments of error is that the trial court failed to grant a motion of the defendant to direct a verdict in his favor, but this is not a proper ground of appeal. *Lines Co.* v. *Hartford City Gas Light Co.*, 89 Conn. 117, 125, 93 Atl. 129; *Callahan* v. *Jursek*, 100 Conn. 490, 492, 124 Atl. 31; *Butler* v. *Hyperion Theatre Co., Inc.*, 100 Conn. 551, 556, 124 Atl. 220.

With reference to the count charging perjury, the defendant, by assigning error in the failure of the trial court to give certain requests to charge and error in certain portions of the charge as given, makes the claim that the false testimony he gave was not material to the issues in the case on trial. The first paragraph of the complaint in that action, which was brought against Adelaide Pizzorusso alone, alleged that she as principal and Wanda Pellegrino as surety had become bound to the plaintiff by reason of the bond given in the replevin suit, and in the answer the defendant denied this paragraph and specifically denied the execution and delivery of the bond. The entry

upon the face of the bond "Subscribed and taken before me" which was signed by the defendant could only reasonably be taken to mean that both Adelaide Pizzorusso and Wanda Pellegrino executed it in the presence of the defendant. Whether the fact that Wanda Pellegrino did not subscribe the bond would in any way discharge Adelaide Pizzorusso from liability upon it, in view of the terms of the statute requiring as a part of the procedure in replevin a bond or recognizance with one sufficient surety, we have no need to inquire. General Statutes, § 5945. Had the defendant testified truthfully upon the trial that, although the bond purported to have been subscribed and taken before him by both women, this was in fact true only as to Adelaide Pizzorusso, this testimony would in all probability have had very material weight upon his evidence that Adelaide Pizzorusso had executed it. In *State* v. *Greenberg,* 92 Conn. 657, 662, 103 Atl. 897, we quoted from Wharton on Criminal Evidence (10th Ed.) § 89, as follows: "Any testimony in a case that tends of itself, or in connection with other testimony, to influence the result on a direct or collateral issue, is material." And we added: "If the testimony would, if believed, tend to affect the verdict of the jury, it meets the test of materiality. If the testimony affects the credibility of the witness, or if the cross-examination develops circumstances which are subsequently shown to be untrue and these affect the credibility of the witness, the testimony will be held to be material."

In this case the false testimony the defendant gave clearly tended to influence the result upon one of the vital issues arising on the pleadings in the case and nothing in the finding, by which we must test the charge, in any way indicates that upon the trial this was not in fact a principal issue. The trial court was

right in refusing the request to charge that the false testimony of the defendant was not material and in charging that it was. *Fields* v. *State,* 94 Fla. 490, 494, 114 So. 317; *State* v. *Fail,* 121 Kan. 855, 250 Pac. 311; *Wheeler* v. *People,* 63 Colo. 209, 165 Pac. 257.

The defendant requested the trial court to charge that a witness may testify falsely through mistake or misapprehension or ignorance or through many other causes which may be entirely disassociated from a wilful or corrupt intention to deceive; and that therefore if they did find that under the mistaken impression he had described or through any other cause he did not testify with a wilful or corrupt intent to deceive then he was entitled to an acquittal. The court did not grant this request but confined its charge upon this point of the case to an instruction that to constitute perjury false testimony must be wilful and corrupt, that corrupt meant wrong or wicked and that the testimony must be given willingly, to something known to be false, with a wicked intent to do a wrong; and while it stated the claims of the parties under the first two counts with considerable particularity, it confined itself with reference to the accusation of perjury to a mere reference to the explanation the defendant had given as to the way the writ was held out to him and shown to him when he testified, and then stated that it was for the jury to determine whether he wilfully and corruptly swore falsely. The defendant admitted that he testified falsely and upon the facts of the case the vital issue was whether that testimony was given through misapprehension, under the circumstances he claimed to have existed. In view of this fact and the seriousness of the charge made against him, he was entitled to have the jury instructed substantially as requested. It was error for the trial court not to do so.

In view of this conclusion, it is not necessary to discuss the other claimed errors relevant to the accusation of perjury except as they concern matters likely to arise upon a new trial. The file of the action in the trial of which the perjury was alleged to have been committed was of course admissible to prove that the action was pending in court and to show the issues raised by the pleadings; and if there was any matter in it capable of improper use, the objection should not have been to the admission of the file in evidence but should have been addressed to limiting it to proper uses only. That there was an entry upon the file showing that a plea in abatement had been filed, which was not in fact in it, was not sound ground for excluding the file; any issues raised upon that plea would have been foreign to those before the court in the trial of the merits of the action; and it is not necessary in all cases that a judicial record should be complete to make it admissible. *Gilman's Appeal,* 115 Conn. 724, 726, 161 Atl. 845. The State called as a witness the stenographer who took the testimony given on the trial of the action and offered certain portions of it and certain exhibits there admitted in evidence; the defendant sought to cross-examine the witness as to other testimony there offered; the purpose of offering the evidence given on the former trial was to show the materiality in fact of the false testimony of the defendant and in so far, but only in so far, as other evidence offered at the former trial bore upon that issue did the defendant have a right to elicit it upon cross-examination. *State* v. *Campbell,* 93 Conn. 3, 7, 104 Atl. 653.

The defendant claimed that the testimony offered on the other trial should have been first produced in the absence of the jury and given in their presence only after the trial court had concluded that the false

testimony alleged to have been given was material; such a procedure would needlessly prolong the trial; the defendant does not claim that the testimony was not properly offered in the presence of the jury; and if the trial court after hearing it had come to the conclusion that the false testimony alleged to have been given by him was not material no harm could have come to the defendant by the procedure adopted. The course of the State in first producing evidence which it claimed established the materiality of the false testimony through the stenographer and other witnesses and then recalling the stenographer to testify as to the testimony given by the defendant was clearly correct. Whether or not the attorney for the plaintiff in the action on the bond believed that his client's claim would be satisfied by a judgment against Adelaide Pizzorusso alone was irrelevant to the issues on the trial of this action; the materiality of a fact is not to be determined by the actual outcome of the action. *Wood* v. *People,* 59 N. Y. 117, 122; *Gordon* v. *State,* 158 Wis. 32, 34, 147 N. W. 998; *Beavers* v. *State,* 124 Ark. 38, 186 S. W. 300. In view of his defense to the accusation, the defendant should have been permitted to answer the question asked of him as a witness in his own behalf, what he was concerned with in giving the answers to the questions propounded to him at the trial of the action on the bond.

The accusation in the third count is separate and distinct in its elements, and as to the time when it was committed, from those made in the first two counts, and error as to the third count would not necessarily invalidate the judgment upon the first two. *Blitz* v. *United States,* 153 U. S. 308, 316, 14 Sup. Ct. 924; *Taff* v. *State,* 39 Conn. 82, 84; *Middlebrook* v. *State,* 43 Conn. 257, 270; 17 C. J. p. 370. The charges were, however, so closely related that it is probable

that, in considering them, the jury did not disassociate one from the other, and we would feel justified in applying this rule so as to sustain the conviction upon the first two counts only in the event that there was clearly no error as to them. While the charge bearing upon these counts is not attacked, the appeal assigns error in the failure of the trial court to give a number of requests to charge. Some of these were so highly argumentative that the trial court might well refuse to give them. The defendant did, however, request the trial court to call the attention of the jury, as bearing upon his claim of a lack of intent, to the fact that no attempt was made to imitate the handwriting and the fact that the handwriting was plainly that of the accused; and, in view of the nature of the issues before the jury, he was entitled to have this element in the case called to their attention.

The trial court also was in error in certain rulings on evidence with reference to the counts charging forgery. It excluded certain questions asked of the defendant as a witness in his own behalf, designed to elicit from him testimony as to the time when and the circumstances under which the facts as to the issuance of the bond were first recalled to his mind; and it also excluded a question asked him, whether any question had arisen as to the authenticity of Wanda Pellegrino's signature to the bond during an investigation by the grievance committee of the New Haven County bar with reference to the issuance of the replevin writ to which the bond was annexed and another replevin writ in connection with the same subject-matter. The evidence thus sought to be elicited might well have been corroborative of the claim of the accused that the use in the writ of the bond upon which he had signed the name of Wanda Pellegrino, instead of that which

she had actually signed, was due to mistake and a confusion of the papers.

The other rulings on evidence bearing upon the charges of forgery which are assigned as error were clearly right or would not be likely to be presented at a retrial of the action.

We would be reluctant to direct a new trial of this action upon purely technical grounds. But the charges made against the accused were most serious and the penalties imposed severe. A study of the record satisfies us that under the rulings and charge of the court the claims of the accused did not have that full consideration which he was entitled to have them receive and that justice dictates a retrial of the case.

There is error and a new trial is ordered.

In this opinion the other judges concurred.