THE STATE OF CONNECTICUT *vs.* SAMUEL S. GREENBERG.

First Judicial District, Hartford, March Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Whether alleged perjured testimony was material or not, is a question of law.

Testimony that tends of itself, or in connection with other evidence, to influence the result, directly or indirectly, is material.

Upon a prosecution for receiving and concealing stolen goods, a son of the accused, who was called in his behalf, testified that at the time of the alleged theft he, the witness, was in Hornell, New York, which witnesses for the State afterward contradicted, stating that they had talked with him concerning the theft at his father's ware-

The State *v.* Greenberg.

house at the time in question. *Held* that under these circumstances the son's testimony as to his whereabouts was material, since it affected, or might have affected, his credibility as a witness.

The submission of a question of law to the determination of the jury is harmless error, if their verdict shows that they decided it correctly.

The trial judge may, but is not ordinarily bound to instruct the jury that the expression of belief in the guilt of the accused by the State's Attorney and the filing of an information by him should not influence them in reaching their verdict.

An instruction that evidence of good character is available to the accused and is always entitled to consideration; that in a close case it serves a useful purpose and may be sufficient in itself to raise a reasonable doubt, though if the case is clearly made out it is not a defense,—is customary and unexceptionable.

This court has no power to set aside a verdict of the jury rendered upon conflicting evidence.

A motion for a postponement is addressed to the discretion of the trial court, and its action will not be reviewed unless the record indicates that rights of the accused were thereby prejudiced.

The accused complained of certain remarks of the State's Attorney as improper and prejudicial. *Held* that the statements made did not so far exceed the limits of fair advocacy as to entitle the accused to a new trial.

The admission of questionable evidence respecting an undisputed fact in the case is harmless.

Argued March 6th—decided June 11th, 1918.

INFORMATION for perjury, brought to the Superior Court in Hartford County and tried to the jury before *Case, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

*Benjamin Slade,* for the appellant (the accused).

*Hugh M. Alcorn,* State's Attorney, and *Newell Jennings,* Assistant State's Attorney, for the appellee (the State).

WHEELER, J. The accused, Samuel S. Greenberg, was tried for perjury in giving testimony upon the trial

of his father, Jacob Greenberg, for receiving and concealing certain tobacco, knowing the same to have been stolen.

The State claimed to have proved that Samuel S. Greenberg, with his father, constituted the copartnership of Jacob Greenberg and Sons, who were engaged in business as tobacco dealers and had a warehouse in East Hartford; that Jacob Greenberg induced Moiger, with two other men, to steal from the tobacco shed of Mrs. Larsen forty bundles of tobacco on the night of December 6th, 1916, and that this was delivered in a shed adjacent to the Greenberg warehouse in East Hartford on the evening of December 7th, and early on the morning of December 8th was placed in the said warehouse, and that Greenberg paid these three men for the same.

After the State had closed its case in chief, the accused, Jacob Greenberg, offered as a witness in his own behalf the said Samuel S. Greenberg, who testified that he was in partnership with his father in the leaf tobacco business in East Hartford. He also testified as to the location of the said warehouse used in their business, its proximity to the nearest house and to this shed, and as to the artificial light in that locality; that this light shone upon the warehouse door and upon the shed, and that these lights were public lights and burned all night at this time; that persons could be seen putting tobacco in this shed if this were done in the night time, and that there was a light right opposite the entrance to the main warehouse. He also testified that he kept the book required to be kept by the government and made therein the entries in relation to the tobacco purchased on December 8th, and that this was made in the regular course of business; and that subsequently he crossed off this entry when the tobacco was redelivered by them to Mrs. Larsen. He also testified that he and his

brother Max were the only ones who had keys to the warehouse, and that Jacob Greenberg and Sons were accustomed to purchase leaf tobacco of different peddlers, and that at the time of the claimed theft he was in Hornell, New York, and did not return until after December 8th.

' The State offered in rebuttal the testimony of Mitchell and Brooks, State policemen, that they went to the Greenberg warehouse on the afternoon of December 8th, to look for the Larsen tobacco, and there talked with Samuel S. Greenberg, who denied knowing Moiger and said his father had not bought any tobacco, and had had no transaction with Moiger, and that if he could find that Moiger had brought stolen tobacco into his place he would leave nothing undone to locate him for the officer.

The information in the case before us charges Samuel S. Greenberg with having testified under oath, in the trial of State against Jacob Greenberg, that on December 8th, 1916, he was not at the warehouse of Jacob Greenberg and Sons, but in Hornell, New York, whereas he was in fact in East Hartford and at said warehouse.

Counsel for this accused maintains that the testimony so given by him, and all of his testimony given upon the trial of Jacob Greenberg, was immaterial to the proper determination of any of the main or subordinate issues raised at that trial. Error is also predicated upon the failure to charge that the testimony set forth in the information upon which the charge of perjury was based, was not material to the issue involved in the trial of Jacob Greenberg; and, further, that the court erred in leaving to the jury the decision of the question whether this testimony was material or not.

In this case all of the facts which the State claimed proved that the testimony was material were before

the court, and if the jury found these facts to have been established it became the duty of the court to instruct the jury whether the testimony was material or not. The question of materiality, as we think, is, on the better reason and the better authority, in the final analysis, a question of law.  1 Wharton on Criminal Evidence (10th Ed.) § 86; *State* v. *Brown*, 128 Iowa, 24, 32, 102 N. W. 799; *Partin* v. *Commonwealth*, 154 Ky. 701, 159 S. W. 542; *State* v. *Richardson*, 248 Mo. 563, 569, 154 S. W. 735; *People* v. *Bradbury*, 155 Cal. 808, 815, 103 Pac. 215; *Saucier* v. *State*, 95 Miss. 226, 48 So. 840; *Gordon* v. *State*, 48 N. J. L. 611, 7 Atl. 476.  The court was in error in leaving the determination of the materiality of the testimony to the jury, but the error was harmless, since the verdict of the jury meant that it found the testimony to be material, and we think this was the conclusion which the court should have reached.

Samuel S. Greenberg testified for Jacob Greenberg, his partner and father.  His testimony as to the location of the warehouse and the lights near it, and the probability that the delivery of tobacco at the warehouse, as the State claimed, would have been seen, was for the obvious purpose of disproving the criminal intent and helping the claim of the defense that the transaction was a valid sale and not a purchase of goods known to have been stolen.

When Samuel testified he was in Hornell at the time of the alleged crime, it was for the purpose of relieving himself from complicity in or knowledge of this crime. It was permissible for the State then to show that he was not at Hornell but at the warehouse, when and as the State claimed, and if the jury disbelieved his statement as to his being in Hornell it might well have affected his credibility as a witness.  Such testimony was made relevant and material by the manner in which the testimony of the witness was given: the extent

of the materiality is entirely unimportant. "Any testimony in a case that tends of itself, or in connection with other testimony, to influence the result on a direct or a collateral issue, is material." 1 Wharton on Criminal Evidence (10th Ed.) § 89. If the testimony would, if believed, tend to affect the verdict of the jury, it meets the test of materiality. If the testimony affects the credibility of the witness, or if the cross-examination develops circumstances which are subsequently shown to be untrue and these affect the credibility of the witness, the testimony will be held to be material. 1 Wharton on Criminal Evidence (10th Ed.) §§ 86, 89; Clark on Criminal Law (3d Ed.) p. 445; 2 Bishop's New Criminal Law, § 1038; *Wood* v. *The People*, 59 N. Y. 117, 123; *State* v. *Hunt*, 137 Ind. 537, 547, 37 N. E. 409. By any of these tests this testimony was material.

The request to charge that the expression of belief in the guilt of the accused by the State's Attorney and the filing of an information by him, should not influence the jury in the finding of the facts or in the verdict reached, belonged to the class of requests which ordinarily may be given to the jury or not, according as the judgment of the trier may determine.

The requests to charge as to the interest of the police officers, and as to the place of the presumption of innocence in a criminal trial, were sufficiently covered by the charge.

The appellant selects as a ground of error a part of the charge as to the evidential value of good character. "That," said the court, "is always available to one accused of crime, but you will give it its proper place in the case. The jury must always consider it. But in a case clearly made out, evidence of good character does not, in itself, avail as a defense. It sometimes serves a very useful purpose in a close or doubtful case.

In a close and doubtful case it may be sufficient, in itself, to raise a reasonable doubt of guilt of the accused." This conforms to our customary charge upon this point, and appears to us to be unexceptionable. The appellant excepts to the latter part of this charge and fails to consider this in connection with the first part, that good character is always to be considered.

The error predicated upon the refusal of the court to set aside the verdict and order a new trial is not well taken. That issue involves merely a consideration of conflicting evidence, and this is beyond our power to determine, and clearly was within the province of the jury.

The failure of the court to grant an adjournment was not so clearly an abuse of discretion as to amount to error. So far as we can ascertain from the record, the rights of the accused were amply protected and did not suffer through the failure to secure an adjournment.

We have examined those parts of the argument of the State's Attorney to the jury which are claimed to have been improper and prejudicial to the accused. We are not prepared to hold, making reasonable allowance for the heat and deep interest aroused by zealous advocacy, that the State's Attorney carried his argument beyond the limits of fair advocacy so as to make a new trial necessary.

The rulings on evidence remain to be considered. The article from the *Hartford Times*, of the theft of the tobacco of Mrs. Larsen, was, so far as this record shows, hearsay in the trial of Jacob Greenberg. Whether, because of this fact, it would have been admissible in this case, we need not determine. It concerned an undisputed fact in the case, and its admission in this case could have done no harm.

The other objections to evidence which are pursued in the brief, are to the materiality of the testimony. We

have examined this evidence in the light of the test of materiality as adopted by us, and by that test we find almost all of the evidence offered was material to this issue, and those parts whose materiality was open to question cannot be held to have affected the result in any appreciable measure.

There is no error.

In this opinion the other judges concurred.