**UNITED STATES of America**

**v.**

**James ENOCH.**

**Crim. No. 72–617.**

United States District Court,
E. D. Pennsylvania.

April 24, 1973.

Robert E. J. Curran, U. S. Atty., by Louis J. Ruch, Staff Atty., Dept. of Justice, Philadelphia, Pa., for prosecution.

Robert B. Mozenter, Marino & Mozenter, Philadelphia, Pa., for defendant.

## MEMORANDUM

HANNUM, District Judge.

Presently before the Court are post-trial motions of the defendant, James Enoch for judgment of acquittal, or, in the alternative, for a new trial pursuant to Rules 29(c) and 33, Fed.R.Crim.P. In addition, the defendant has filed a motion for leave to file additional reasons in support of both motions after the notes of testimony have been transcribed.

On March 20, 1973, the defendant was found guilty of committing perjury in violation of Title 18, United States Code, Section 1621. The indictment charged that on August 31, 1972, the defendant wilfully and knowingly testified falsely while under oath before a federal grand jury investigating narcotics traffic in the Eastern District of Pennsylvania. It was important for the grand jury to determine whether James Enoch purchased a 1972 Cadillac in May of 1972 and whether he was paying for the automobile. The indictment charged that the defendant testified falsely when he gave the following pertinent answers in response to questions relating to the purchase of and payments made on the automobile:

Q. Did you purchase it?

A. No, sir.

Q. Who did purchase it?

A. My girlfriend.

Q. What's her name?

A. Janice Collins.

Q. Do you have any monthly payments that you make on it?

A. She makes it.

Q. She makes the payments?

A. Yeah.

At the trial, Janice Collins gave direct testimony that she had nothing to do with the purchase of the car or with making payments on the car. She further testified that she first saw the car "after he (Enoch) had got it". As corroborating evidence to substantiate the sworn testimony of Janice Collins as to the falsity of the alleged perjurious statements, the government introduced documentary evidence (Exhibits G–2A to G and G–3A and B) which included a receipt for down payment, sales invoice, certificate of title, schedule of payments, credit work sheet, customer's statement, and an installment sales contract. All of these documents indicated that the purchaser and owner of the car was James Enoch. None of these documents indicate that anyone other than the defendant was involved in the purchase and financing of the car. The government also adduced the testimony of Nicholas Rossino, a manager at the dealership

which sold the car. He testified that he delivered the car to James Enoch.

■ In ruling on defendant's motion for judgment of acquittal, the court must determine if the evidence was insufficient to sustain the conviction. In support of this motion defendant initially argues that the government failed to prove that he acted with an intent to deceive. While "[A] false statement which is the result of an honest mistake is not perjury," United States v. Rose, 215 F.2d 617, 623 (3rd Cir. 1954), under the facts of this case the jury was entitled to infer the defendant's intent from the circumstances surrounding his testimony before the grand jury. Government Exhibits G–3A and G–3B show that the automobile in question had been purchased just four months before the defendant was questioned about it. The exhibits show that the car was expensive and a substantial down payment was made. Given the fact that the defendant was advised before testifying that the grand jury was convened for the purpose of investigating the sale and use of heroin and related crimes, the jury could reasonably infer that he intended to conceal information relating to an expensive car acquired by him, and that he thereby acted with intent to deceive.

■ Defendant next contends that the government's evidence was insufficient to show that defendant's alleged false testimony was material to the grand jury investigation. This argument is also without merit. "[T]he test of materiality is whether the false testimony has the natural effect or tendency to impede, influence or dissuade the grand jury from pursuing its investigation." United States v. Stone, 429 F.2d 138, 140 (2nd Cir. 1970). False answers to questions relating to the purchase and payment of expensive assets would tend to hinder an investigation of narcotics traffic.

■ Defendant's last argument in support of his motion for judgment of acquittal attacks the sufficiency of the government's corroborative evidence. In a case such as this "where the government seeks to establish perjury by the testimony of one witness and corroborating evidence, the latter must be independent of the former and inconsistent with the innocence of the defendant." United States v. Neff, 212 F.2d 297 (3rd Cir. 1954). A summary of the evidence in the instant case was set forth earlier and in the Court's view there was sufficient independent evidence, both documentary and oral, to corroborate the direct testimony of Janice Collins. Additionally, the indictment in the present case, although referring to 18 U.S.C., § 1621, properly charges an offense under 18 U.S.C.A., § 1623. This latter Section, which was intended by Congress to facilitate Federal perjury prosecutions [1] makes proof beyond a reasonable doubt sufficient for conviction. Proof need not be made by any particular number of witnesses or by any particular type of evidence. While the Court in the present case determined that the quantitative rule of evidence under Section 1621 was satisfied and then gave the one witness plus corroboration instruction to the jury, the jury's verdict also clearly conformed to the quantum of proof required under Section 1623. See United States v. Clizer, 464 F.2d 121 (9th Cir. 1972). Defendant's motion for judgment of acquittal will be denied.

Turning to defendant's motion for a new trial, the defendant contends that the verdict is contrary to the weight of the evidence and that the verdict is not supported by substantial evidence. After reviewing the evidence, the Court finds that the verdict was justified by the evidence.

■■ In support of his motion for a new trial defendant also contends that the Court committed prejudicial error when it failed to instruct the jury as requested in two of defendant's Points for Charge. The Court correctly denied de-

---

1. See, 1970 U.S.Code Cong. & Ad.News, p. 4008.

fendant's requested instructions on "materiality" because the determination of this issue was for the Court. See Sinclair v. United States, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692; Vitello v. United States, 425 F.2d 416 (9th Cir. 1970). The Court also refused to give one of defendant's requested instructions related to the standard of proof required in a perjury case. This requested instruction stated in part "the testimony must be direct and positive and must establish the fact of such perjury without the necessity for any inference based on human experience . . .". This requested instruction was properly denied as stated because it would have confused the jury. In determining the "fact of such perjury" the jury must, of course, decide whether the defendant acted with an intent to deceive. Because the jury has no way of scrutinizing the operation of the human mind, this element of the crime is ordinarily inferred from the surrounding circumstances with the aid of each juror's human experience. At any rate, the Court properly charged the jury on the standards to be applied in evaluating the evidence. The defendant's motion for a new trial will be denied.

 With regard to the defendant's motion for leave to file additional reasons after the notes of testimony have been transcribed, the Court is of the opinion that a transcript is not necessary to a just determination of defendant's post-trial motions. The case was ably tried by both sides, and there were virtually no disputes raised over the presentation of evidence that would create the necessity for a transcript. The Court's view is in accord with Section 2(h)(i) of this District's Plan for Achieving Prompt Disposition of Criminal Cases pursuant to Rule 50(b), Fed. R.Crim.P. The defendant's motion for leave to file additional reasons after the notes of testimony have been transcribed will be denied.