**UNITED STATES of America, Appellee,**

v.

**Leonhard F. WODTKE, Appellant.**

**No. 91–2394.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1991.

Decided Dec. 18, 1991.

Rehearing Denied Jan. 28, 1992.

Robert G. Duncan, Kansas City, Mo., for appellant.

John T. Bannon, Jr., Washington, D.C., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and WOODS,[*] District Judge.

HENRY WOODS, District Judge.

Over the course of several months beginning in late 1989 and ending in early 1990, appellant, Leonhard F. Wodtke, sent the IRS several 1099 forms.[1] On these forms, he represented that he had paid several individuals amounts ranging up to $1,261,075.71. Because these representations were not true, he was charged with making false statements to the IRS in violation of 18 U.S.C. § 1001.

Appellant appeared before a United States Magistrate at his arraignment but refused to enter a plea. He maintained that although he was Leonhard F. Wodtke, he was not the Leonhard F. Wodtke named in the indictment and was only appearing in the name of Jesus Christ, his King, Lord, and High Priest. On the basis of this statement and others in a similar vein, a psychiatric examination was ordered. The examiners found him competent to stand trial.

Following the examination, appellant again appeared before the United States Magistrate. Although represented by court-appointed counsel, appellant insisted upon representing himself. Despite several warnings about the hazards and disadvantages of representing himself, he stood by his request. The Magistrate concluded that appellant had knowingly and voluntarily waived his right to counsel and should be permitted to represent himself.

The trial court[2] subsequently conducted a competency hearing. At the conclusions of this hearing, appellant was found competent to stand trial. During this hearing, the trial court also addressed the self-representation question. The trial court warned appellant of the numerous dangers of representing himself. Despite this warning, he insisted upon representing himself.

The trial court addressed the self-representation question a second time during a pre-trial conference held a few days later. At this conference, the trial court agreed to the appellant's request that he be allowed to represent himself, having been satisfied that he was competent to stand trial and had knowingly and voluntarily waived his right to counsel. The trial court did, however, make stand-by counsel available for him at trial.

Appellant represented himself at trial. His lack of any formal legal training was painfully obvious. He was convicted, and this appeal followed. Appellant raises only two points for reversal. First, he maintains that the trial court should not have allowed him to represent himself because he was not competent to waive coun-

---

[*] The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[1] The 1099 form documents the payment of miscellaneous income, including non-employee compensation, to the individuals named on the form.

[2] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

sel and because his waiver was not made knowingly and voluntarily. The record establishes otherwise.

■ Second, appellant alleges that the false statements on the 1099 forms were not "material." In order for a statement to be "material," it must be one which is "capable of influencing" the function of the IRS. *See United States v. Land,* 877 F.2d 17, 20 (8th Cir.), *cert. denied,* 493 U.S. 894, 110 S.Ct. 243, 107 L.Ed.2d 194 (1989). It is not necessary, however, for the IRS to demonstrate that it "actually relied" upon the statement. *See United States v. Hicks,* 619 F.2d 752, 754 (8th Cir.1980). A prosecution witness testified that the information contained on the 1099 forms must be truthful because the information is used to assess taxes and enforce tax compliance. On the basis of this testimony, the false statements contained on the 1099 forms were "capable of influencing" the function of the IRS and were therefore "material."

The judgment of the trial court is affirmed.