**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Norman Eugene FRENCH, Defendant and Appellant.**

**No. 18240.**

Supreme Court of South Dakota.

Considered on Briefs on Sept. 3, 1993.

Decided Dec. 22, 1993.

Mark Barnett, Atty. Gen., Joan Boos Schueller, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Gary D. Blue of Blue and Haeder, Huron, for defendant and appellant.

PER CURIAM.

Norman Eugene French (French) appeals his conviction for one count of perjury. We affirm.

FACTS

French's conviction stems from a lengthy divorce action between himself and his former wife. French was served with a temporary restraining order which provided in part:

BY ORDER OF THE COURT, YOU AND YOUR SPOUSE ARE:

A. Restrained from transferring, encumbering, concealing or in any way dissipating or disposing of any marital assets, without the written consent of the other party or an order of the Court, except as may be necessary in the usual course of business or for the necessities of life. You are further to notify the other party of any proposed extraordinary expenditures made

after the Temporary Restraining Order is in effect[.]

Thereafter, a contempt hearing was held to establish why French should not be held in contempt for violating the court's order. In a supporting affidavit, French's wife claimed French had purchased two 1990 pickup trucks in violation of the order.

During the hearing, French gave the following sworn testimony:

[By Mrs. French's counsel]:

Q: Would you state your full name and address?

A: Norman French, Cavour, South Dakota.

\* \* \* \* \* \*

Q: And did you purchase two 1991 pickup trucks?

A: I purchased one 1991 pickup.

Q: There is not a second one that you have purchased?

A: It isn't mine. There were two of them purchased but only one of them was mine.

\* \* \* \* \* \*

Q: And whose pickup is it? [referencing the second pickup].

A: It belongs to Patricia [Briere] [i.e., French's girl friend].

\* \* \* \* \* \*

Q: Did Mrs. [Briere] trade in anything on the pickup truck that she has possession of?

A: Yes.

Q: And what did she trade in?

\* \* \* \* \* \*

A: An old pickup.

\* \* \* \* \* \*

Q: Did you pay anything down?

A: No, I never.

Thereafter, the state charged French with one count of perjury based upon the above testimony. He was charged under the provisions of SDCL 22–29–1 and 22–29–5(2).\*

\* SDCL 22–29–1 provides:

Any person who, having taken an oath that he will testify, declare, depose, or certify truly

French filed a motion seeking a trial court determination regarding the materiality of his testimony during the contempt hearing. The motion also sought entry of an order striking the testimony from the indictment on the grounds of immateriality. The motion was denied.

At a jury trial, evidence and testimony was presented by the state establishing that in September 1990, French agreed to trade his 1986 Ford pickup in on a 1991 Ford pickup. French received a trade-in allowance of $10,-165 against the $24,665 purchase price of the new pickup. The evidence further established that on September 10, 1990, French agreed to trade his 1979 Freightliner semi-tractor in on a 1991 Chevrolet pickup. French received a trade-in allowance of $7,992 against the $22,192 purchase price of the new Chevrolet pickup. Both of the vehicles French traded in were marital property registered in the names of both French and his wife. Neither trade-in was authorized by French's wife or by order of the divorce court. The new pickups were both titled in French's name alone. French's girl friend contributed nothing toward the purchase of the new pickups. French alone financed the balance between the trade-in value of his old vehicles and the purchase price of the new vehicles with liens held by General Motors Acceptance Corporation.

At the conclusion of state's case, French moved for a judgment of acquittal. French argued that state failed to prove the elements of the offense by failing to establish that he intentionally committed perjury and by failing to show the materiality of the testimony that was allegedly perjured. The motion for a judgment of acquittal was denied. During the settlement of jury instructions, French objected to a proposed instruction that the materiality of his testimony was a question of law for the court and that the testimony was material. The objection was overruled and the instruction was given. French also proposed a set of jury instruc-

tions that would have submitted the materiality issue to the jury. The proposals were rejected. French next proposed the submission of a set of special interrogatories to the jury concerning the materiality of his testimony. The proposed interrogatories were also rejected.

The jury ultimately returned its verdict finding French guilty of perjury as charged and he was sentenced to serve five years in the state penitentiary. This appeal followed.

## ISSUE 1

## DID THE TRIAL COURT DEPRIVE FRENCH OF HIS CONSTITUTIONAL AND STATUTORY RIGHTS TO A TRIAL BY JURY?

As set forth in SDCL 22–29–1, "[a]n essential element of [perjury] is that the false testimony must relate to a 'material matter.'" *Engebritson v. Circuit Court,* 69 S.D. 454, 459, 11 N.W.2d 659, 661 (1943). Citing the various constitutional and statutory provisions guaranteeing his right to trial by jury, French argues that the trial court deprived him of his right to a jury trial by removing the issue of the materiality of his testimony from the jury and ruling, as a matter of law, that the testimony he gave during the show cause hearing was material. We disagree.

■ Although this is an issue of first impression in South Dakota, we find a majority of state jurisdictions that have recognized that the issue of materiality in a perjury prosecution is an issue of law for the trial court to decide and not an issue of fact for the jury. *Williams v. State,* 259 Ark. 667, 535 S.W.2d 842 (1976); *People v. Pierce,* 66 Cal.2d 53, 423 P.2d 969, 56 Cal.Rptr. 817 (1967); *Marrs v. People,* 135 Colo. 458, 312 P.2d 505 (1957); *State v. Greenberg,* 92 Conn. 657, 103 A. 897 (1918); *State v. Barbuto,* 571 So.2d 484 (Fla.Dist.Ct.App.1990); *People v. Powell,* 160 Ill.App.3d 689, 112 Ill.Dec. 553,

before any competent tribunal, officer, or person, in any of the cases in which such an oath may by law be administered, intentionally and contrary to such oath, states any material matter which he knows to be false, is guilty of perjury.

SDCL 22–29–5(2) provides:
Perjury:

\* \* \* \* \* \*

(2) When committed on any other trial or proceeding in a court of justice, is a Class 4 felony[.]

513 N.E.2d 1162 (1987); *State v. Deets,* 195 N.W.2d 118 (Iowa 1972); *State v. Frames,* 213 Kan. 113, 515 P.2d 751 (1973); *State v. West,* 419 So.2d 868 (La.1982); *State v. True,* 135 Me. 96, 189 A. 831 (1937); *People v. Hoag,* 113 Mich.App. 789, 318 N.W.2d 579 (1982); *Brewer v. State,* 233 So.2d 779 (Miss. 1970); *State v. Roberson,* 543 S.W.2d 817 (Mo.Ct.App.1976); *State v. Sands,* 123 N.H. 570, 467 A.2d 202 (1983); *State v. Albin,* 104 N.M. 315, 720 P.2d 1256 (1986); *State v. Hanson,* 302 N.W.2d 399 (N.D.1981); *Soper v. State,* 22 Okla.Crim. 27, 208 P. 1044 (1921); *State v. Stilwell,* 109 Or. 643, 221 P. 174 (1923); *Com. v. Lafferty,* 276 Pa.Super. 400, 419 A.2d 518 (1980); *Yarbrough v. State,* 617 S.W.2d 221 (Tex.Crim.App.1981); *State v. Strand,* 720 P.2d 425 (Utah 1986); *State v. Wood,* 99 Vt. 490, 134 A. 697 (1926); *State v. Daniels,* 10 Wash.App. 780, 520 P.2d 178 (1974); *Fletcher v. State,* 20 Wyo. 284, 123 P. 80 (1912).

The United States Courts of Appeals are also nearly unanimous in holding that the issue of materiality in a perjury prosecution is an issue of law and not an issue of fact. *United States v. Nazzaro,* 889 F.2d 1158 (1st Cir.1989); *United States v. Moon,* 718 F.2d 1210 (2d Cir.1983); *United States v. Enoch,* 360 F.Supp. 572 (E.D.Pa.1973), *aff'd,* 491 F.2d 751 (3rd Cir.1973); *United States v. Bailey,* 769 F.2d 203 (4th Cir.1985); *United States v. Holley,* 942 F.2d 916 (5th Cir.1991); *United States v. Seltzer,* 794 F.2d 1114 (6th Cir.1986); *United States v. Martellano,* 675 F.2d 940 (7th Cir.1982); *United States v. Ashby,* 748 F.2d 467 (8th Cir.1984); *United States v. Clark,* 918 F.2d 843 (9th Cir.1990); *United States v. Jones,* 933 F.2d 807 (10th Cir.1991); *United States v. Dennis,* 786 F.2d 1029 (11th Cir.1986); *United States v. Paxson,* 861 F.2d 730 (D.C.Cir.1988).

Many of the above authorities rest their conclusion that materiality is an issue of law on the decision of the United States Supreme Court in *Sinclair v. United States,* 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692 (1929). The defendant in *Sinclair* was convicted for an offense involving the refusal to answer pertinent questions in an inquiry by a Senate committee. In its review of the conviction, the Supreme Court held that the issue of the pertinency of the questions was appropriately decided as an issue of law. In reaching that holding, the high court offered the following rationale:

> The question of pertinency under section 102 was rightly decided by the court as one of law. It did not depend upon the probative value of evidence. That question may be likened to those concerning relevancy at the trial of issues in court, and it is not essentially different from the question as to materiality of false testimony charged as perjury in prosecutions for that crime. Upon reasons so well known that their repetition is unnecessary it is uniformly held that relevancy is a question of law. And the materiality of what is falsely sworn, when an element in the crime of perjury, is one for the court.

> The reasons for holding relevancy and materiality to be questions of law in cases such as those above referred to apply with equal force to the determination of pertinency arising under section 102. The matter for determination in this case was whether the facts called for by the question were so related to the subjects covered by the Senate's resolutions that such facts reasonably could be said to be 'pertinent to the question under inquiry.' It would be incongruous and contrary to well-established principles to leave the determination of such a matter to a jury.

*Sinclair,* 279 U.S. at 298–99, 49 S.Ct. at 273–74, 73 L.Ed. at 700 (citations omitted).

French argues that *Sinclair* is outdated, that its reasoning has been superseded and, therefore, its authority has been eroded. In *Paxson, supra,* the United States Court of Appeals for the District of Columbia rejected an identical contention with the following reasoning:

> Paxson's argument that we should ignore this unbroken chain of precedent is founded on his contention that the above quoted dictum of *Sinclair v. United States* has been impliedly rejected by the Supreme Court's ruling that a defendant has a Sixth Amendment right of trial by jury as to each essential element of an offense. In support of this unremarkable proposition, appellant cites, *inter alia, Cabana v. Bull-*

*ock,* 474 U.S. 376, 384, 106 S.Ct. 689, 696, 88 L.Ed.2d 704 (1986); *Francis v. Franklin,* 471 U.S. 307, 313, 105 S.Ct. 1965, 1970, 85 L.Ed.2d 344 (1985) and *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). The difficulty with this argument is that none of the cases cited, nor any other which we have found, includes materiality as an essential element which must be submitted to a jury ... These cases already taught that essential elements are for the jury; none of them taught that materiality is anything other than a question of law for the court. *Paxson,* 861 F.2d at 732.

More recently, the United States Court of Appeals for the Ninth Circuit addressed the continuing viability of *Sinclair* with the following observation:

> *Sinclair* is not 'out dated precedent.' The Supreme Court recently cited *Sinclair* with approval when considering the materiality issue in a different context. In *Kungys v. United States,* 485 U.S. 759, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988) (*Kungys* ), the Court examined materiality in conjunction with a denaturalization proceeding under 8 U.S.C. § 1451(a). The Court ruled that under section 1451, materiality should be decided by the judge as a matter of law. *Id.* at 772, 108 S.Ct. at 1547. The Court relied on *Sinclair* and perjury cases by the courts of appeals following it. *Id.* Furthermore, the Court identified a rationale of general applicability which directs the judge to decide materiality in the perjury cases:

> '[A]lthough the materiality of a statement rests upon a factual evidentiary showing, the ultimate finding of materiality turns on an interpretation of substantive law. Since it is the court's responsibility to interpret the substantive law, we believe [it is proper to treat] the issue of materiality as a legal question.' *Id.*

Although *Kungys* did not involve a criminal proceeding, its reliance on *Sinclair* demonstrates that *Sinclair* is still authoritative. Moreover, the reasoning of *Kungys* provides an additional reason for our conclusion. Because materiality must be determined by reference to the underlying substantive law, it involves a legal question which should be resolved by the judge. *Clark,* 918 F.2d at 845–46 (citations omitted).

Based upon the strength of the foregoing authorities, we reject French's contention that materiality in a perjury prosecution is an issue of fact to be resolved by the jury and hold that materiality is an issue of law to be decided by the trial court. It follows from this conclusion that there was no error by the trial court in the instant case in failing to submit the issue of materiality to the jury. Moreover, since materiality is an issue of law and not an issue of fact, there was no denial of French's right to a jury trial in the failure to submit the materiality issue to the jury. *See, Sands, supra* (right to trial by jury does not extend to questions of law). *See also, State v. Myers,* 88 S.D. 378, 220 N.W.2d 535 (1974) (only fact issues are in province of jury).

### ISSUE 2

## DID THE TRIAL COURT ERR IN DETERMINING THAT FRENCH'S HEARING TESTIMONY WAS MATERIAL?

■ The test for determining the materiality of sworn testimony in a perjury prosecution is set forth in *State v. Lachowitzer,* 314 N.W.2d 307 (S.D.1982). A statement is material, "if it 'has a legitimate tendency to prove or disprove some relevant fact irrespective of the main fact at issue, or ... is capable of influencing the court, officer, tribunal or other body created by law on any proper matter of inquiry.' " *Lachowitzer,* 314 N.W.2d at 310 (*quoting Deets,* 195 N.W.2d at 122). *Accord State v. Maves,* 358 N.W.2d 805 (S.D.1984).

■ In this instance, the divorce court's show cause order specifically directed French to show cause why he should not be held in contempt for violation of the court's various orders in the divorce proceedings. As set forth in the facts, the first order in the entire proceeding was the temporary restraining order restraining French from, "transferring, encumbering, concealing or in

any way dissipating or disposing of any marital assets[.]" Despite this order, the affidavit of French's wife in support of the show cause motion specifically averred that French had purchased, "two 1990 pickup trucks." Therefore, one of the matters of inquiry in the show cause hearing was whether French violated the divorce court's restraining order by dissipating marital assets in order to acquire two new pickup trucks. If such a dissipation of assets had been established, French may have been found in contempt and subjected to all applicable penalties and sanctions.

In view of the matter of inquiry in the contempt hearing, French's testimony was clearly material as it had a tendency to prove or disprove a relevant fact, i.e., whether he violated the restraining order by trading marital assets for two new pickup trucks. Whether the purchase of the pickups was a violation of the restraining order is merely collateral to determining the materiality of the testimony. Violation of the restraining order was a determination for the divorce court based upon the evidence adduced during the contempt hearing. However, the preliminary determination the divorce court had to make to resolve that issue was whether French did, in fact, trade marital property to purchase two pickups. That was the material question that French denied by testifying that he only purchased one pickup. His denial, if believed, was capable of influencing the divorce court not to hold him in contempt. Thus, the questions and answers concerning the purchase of the pickups were clearly material and the trial court in the instant case committed no error of law in so holding.

Affirmed.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.