_____

No. 95-3222SD

_____

United States of America,    *
                             *
            Appellant,       *
                             *    Appeal from the United States
     v.                      *    District Court for the District
                             *    of South Dakota.
Roger J. Raether; Russell    *
Hawkins,                     *
                             *
            Appellees.       *

_____

Submitted:  March 11, 1996

Filed:  April 22, 1996

_____

Before FAGG, BRIGHT, and WOLLMAN, Circuit Judges.

_____

FAGG, Circuit Judge.

Roger J. Raether and Russell Hawkins helped two Indian tribes obtain government equipment through the federal government's program for disposing of excess property.  The program is administered by the General Services Administration (GSA).  Contrary to GSA regulations, the tribes immediately resold some of the equipment.  The Government then charged Raether with making material false statements to the GSA about the equipment's use, in violation of 18 U.S.C. § 1001 (1994).  Alleging Hawkins conspired with Raether to make the false statements, the Government charged both Raether and Hawkins with conspiracy to commit an offense against the United States.  See 18 U.S.C. § 371 (1994).  At trial, over defense counsel's objections, the district court decided Raether's statements were material as a matter of law and instructed the jury not to consider materiality.  The jury returned a guilty verdict on both counts, and the district court entered

judgment on the verdict. A few weeks later, the Supreme Court held that when materiality is an essential element of a false statement crime, the Constitution requires trial courts to submit the issue of materiality to the jury. United States v. Gaudin, 115 S. Ct. 2310, 2320 (1995). Raether and Hawkins moved for a new trial based on Gaudin, and the district court granted the motion. The Government appeals. We affirm.

In treating materiality as a question of law, the district court followed well-established circuit law. See, e.g., United States v. Richmond, 700 F.2d 1183, 1188 (8th Cir. 1983). Gaudin teaches that we and the district court were wrong. The question of whether Raether's statements were material, that is, whether the statements were capable of influencing the GSA, see United States v. Wodtke, 951 F.2d 176, 178 (8th Cir. 1991), was for the jury to decide. Materiality is an essential element of an 18 U.S.C. § 1001 offense. United States v. Wells, 63 F.3d 745, 750 (8th Cir. 1995), petition for cert. filed, 64 U.S.L.W. 3534 (U.S. Jan. 31, 1996) (No. 95-1228). No matter how overwhelming the evidence of materiality, the district court was not permitted to direct a finding for the Government on this element of the § 1001 charge against Raether. Gaudin, 115 S. Ct. at 2316; Sullivan v. Louisiana, 508 U.S. 275, 277 (1993). The district court also should have instructed the jury to consider materiality when deciding whether Hawkins and Raether had conspired to violate § 1001.

Nevertheless, the Government contends the district court should not have granted a new trial because the instructional error was harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 24 (1967). Hawkins and Raether assert the harmless error rule does not apply in this case. They claim Gaudin errors are structural errors rather than trial errors and thus always require reversal. See Arizona v. Fulminante, 499 U.S. 279, 309-310 (1991).

We conclude Gaudin errors are trial errors subject to harmless error review.  There is a strong presumption that constitutional errors can be harmless.  Rose v. Clark, 478 U.S. 570, 578-79 (1986).  The Supreme Court has applied the harmless error analysis to jury instructions that misstated an element of a crime and to instructions that set out unconstitutional presumptions about required elements.  See Yates v. Evatt, 500 U.S. 391, 402 (1991) (unconstitutional rebuttable presumption);  Carella v. California, 491 U.S. 263, 266-67 (1989) (per curiam) (unconstitutional mandatory presumption);  Pope v. Illinois, 481 U.S. 497, 503 (1987) (element misstated).  The only instructional error the Court has classified as structural was a faulty reasonable doubt instruction that improperly lowered the Government's burden of proof on all the elements of a charged offense.  See Sullivan, 508 U.S. at 278, 281-82.  Because the jury in Sullivan did not make any findings under the correct standard of proof, the Court had no basis for determining how the erroneous instruction affected the jury's decisionmaking and the Court could not perform a meaningful harmless error review.  Id. at 280-81.  In contrast, at Raether and Hawkins's trial, the district court's failure to let the jury decide the materiality issue did not prevent the jury from properly deciding the other issues in the case.  Accordingly, it is appropriate for us to examine the record and consider whether the error was harmless.  See United States v. Nguyen, 73 F.3d 887, 894-95 (9th Cir. 1995); United States v. Parmelee, 42 F.3d 387, 391, 393 (7th Cir. 1994), cert. denied, 116 S. Ct. 63 (1995); United States v. Williams, 935 F.2d 1531, 1536 (8th Cir. 1991), cert. denied, 502 U.S. 1101 (1992).  But see United States v. DiRico, No. 94-1471, 1996 WL 93664, at *5 (1st Cir. Mar. 11, 1996);  United States v. Pettigrew, No. 94-50182, 1996 WL 107236, at * 4 (5th Cir. Mar. 11, 1996); United States v. Johnson, 71 F.3d 139, 144-45 (4th Cir. 1995).

The error was harmless if "the jury's actual finding of guilty . . . would surely not have been different absent the

constitutional error."  Sullivan, 508 U.S. at 280.  We are not persuaded beyond a reasonable doubt that the district court's faulty instruction on materiality "played no significant role in the finding of guilt."  Id. at 281;  see Yates, 500 U.S. at 403-04.  The district court told the jury Raether's statements were material, and the record does not show the jury made an independent determination about materiality.  The Government theorizes that because the jury rejected certain defenses raised at trial, the jury must have believed Raether's false statements were significant to the GSA and thus material.  We cannot be sure the jury engaged in the same line of reasoning as the Government, however.  The jury did not make any findings that are so closely related to the materiality issue that they are functionally equivalent to a materiality finding.  See Sullivan, 508 U.S. at 280-81 (citing Carella, 491 U.S. at 271 (Scalia, J., concurring in judgment));  Nguyen, 73 F.3d at 895.  We are not permitted simply to speculate about what the jury would have decided if the district court had properly instructed them.  Sullivan, 508 U.S. at 281.  The lesson from Gaudin is that juries, not judges, should decide all the elements of a charged crime.  See Gaudin, 115 S. Ct. at 2320.

Because the Gaudin error in this case was not harmless beyond a reasonable doubt, we affirm the district court's decision to grant a new trial.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-