1996 SD 123

**STATE of South Dakota, Plaintiff and appellee,**

v.

**Raymond J. PECHAN, Defendant and appellant.**

No. 19355.

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1996.

Decided Oct. 16, 1996.

Mark Barnett, Attorney General, Grant Gormley, Assistant Attorney General, Pierre, for plaintiff and appellee.

Timothy J. Rensch, Rapid City, for defendant and appellant.

PER CURIAM.

[¶ 1] Raymond J. Pechan appeals his conviction for one count of making a false statement in an application for a vehicle title. We reverse and remand.

## FACTS

[¶ 2] Pechan began dating Wendy Nelson in the summer of 1994 and they eventually began living together. During the course of their relationship, Pechan made various promises to Nelson that he was giving her his 1978 Chevrolet Blazer. As Pechan and Nelson's relationship unraveled in the late summer of 1994, Pechan sent Nelson's mother the title to the Blazer. Although Pechan instructed Nelson's mother not to give the title to Nelson "right away," Pechan also gave the mother instructions as to how Nelson should go about getting the title to the vehicle transferred to her name.

[¶ 3] Approximately ten days after sending Nelson's mother the original Blazer title, Pechan applied for a duplicate title to the vehicle. In his application Pechan falsely represented that the original title had been "lost." When Nelson subsequently attempted to have title to the Blazer transferred to her name, she was told the transfer could not be accomplished because a duplicate title had been requested by Pechan. Nelson immediately complained to the Sheriff.

[¶ 4] Pechan was later charged under SDCL 32–3–14 with one count of making a false statement in an application for a vehicle title.[1] He was also charged in a Part II information as an habitual felony offender.

---

1. SDCL 32–3–14 provides:
   Any person who knowingly makes any false statement of a *material* fact, either on the application for the certificate of title provided for in this chapter, or in any assignment thereof, is guilty of a Class 5 felony. (emphasis added).

[¶ 5] At trial, during settlement of the jury instructions, Pechan objected to the court's instructions on the issue of the materiality of the false statement he made in his application for the duplicate vehicle title. He contended that materiality was not an issue of law for the trial court to decide, but, rather, was a question of fact for the jury to resolve. Specifically, Pechan objected to the trial court's instruction twelve:

> The materiality of the statement is not a matter with which you are concerned, but is a question of law for the Court to decide. You are instructed that if the statement was made, it was material. It is for you to decide whether or not the statement was false.[2] (footnote added).

Pechan proposed an alternative jury instruction on the issue of materiality which provided as follows:

> In order for you to find the Defendant guilty of the crime of False Statement in a Motor Vehicle Application, one element is that the Defendant knowingly made any false statement of a material fact. A material fact in an application for the certificate of title is a fact that would tend to influence the Department of Motor Vehicles' decision to issue a certificate of title as a result of the application. If you find that the statement which is alleged to be false is not proven beyond a reasonable doubt to be a statement of material fact, you must acquit the Defendant of the crime charged herein.

[¶ 6] Pechan's objections to instruction twelve were overruled and his own proposed instruction on materiality was rejected. The jury returned a verdict of guilty and Pechan admitted the allegations of the Part II habitual offender information. He was sentenced to two years in the penitentiary suspended on various conditions including 180 days confinement in the county jail and reimbursement of certain costs and now appeals.

ISSUE

[¶ 7] DID THE TRIAL COURT'S REMOVAL OF THE ISSUE OF MATERIALITY FROM THE JURY VIOLATE PECHAN'S RIGHT TO A JURY DETERMINATION AS TO EACH AND EVERY ELEMENT OF THE OFFENSE CHARGED?

[¶ 8] In *State v. French*, 509 N.W.2d 698, 702 (S.D.1993), this Court, acting consistently with the rule followed by a majority of state and federal courts at the time, held that:

> [W]e reject [the] contention that materiality in a perjury prosecution is an issue of fact to be resolved by the jury and hold that materiality is an issue of law to be decided by the trial court. It follows from this conclusion that there was no error by the trial court in the instant case in failing to submit the issue of materiality to the jury. Moreover, since materiality is an issue of law and not an issue of fact, there was no denial of [the defendant's] right to a jury trial in the failure to submit the materiality issue to the jury.

[¶ 9] Subsequent to this Court's decision in *French*, the United States Supreme Court reached a contrary conclusion in *U.S. v. Gaudin*, 515 U.S. ——, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). In *Gaudin*, the Supreme Court held that the Fifth and Sixth Amendments to the United States Constitution give criminal defendants the right to have a jury determine, beyond a reasonable doubt, their guilt of *every* element of the crime charged. The Supreme Court went on to hold that this right was violated by a trial judge's refusal to allow the jury to pass on the materiality of a defendant's false statements in a prosecution for making false statements in federal loan documents.

[¶ 10] Pechan relies on *Gaudin* in arguing that the trial court's refusal to submit the issue of materiality to the jury in his case violated his Fifth and Sixth Amendment rights. While state concedes the error under

2. The trial court's instruction twelve appears to have been taken verbatim from South Dakota Criminal Pattern Jury Instruction 3–14–3. Instruction 3–14–3 defines materiality for purposes of perjury prosecutions and is also cross-referenced under Criminal Pattern Jury Instruction 3– 19–2 which defines the elements of making a false statement in an application for a vehicle title. Based upon our holding in this case, the Criminal Pattern Jury Instruction Committee should reconsider the language of Instruction 3– 14–3.

*Gaudin,* it asserts the error was harmless. We disagree.

[¶ 11] The Eighth Circuit Court of Appeals recently applied harmless error analysis to a *"Gaudin* error" in *U.S. v. Raether,* 82 F.3d 192 (8th Cir.1996). The Eighth Circuit concluded:

> The error [in the district court's failure to let the jury decide the materiality issue] was harmless if "the jury's actual finding of guilty ... *would surely not have been different* absent the constitutional error." [*Sullivan v. Louisiana,* 508 U.S. 275, 280, 113 S.Ct. 2078, 2080, 124 L.Ed.2d 182 (1993) ]. We are not persuaded beyond a reasonable doubt that the district court's faulty instruction on materiality "played no significant role in the finding of guilt." *Id.* at 281, 113 S.Ct. at 2080; *see* [*Yates v. Evatt,* 500 U.S. 391, 403-04, 111 S.Ct. 1884, 1892-93, 114 L.Ed.2d 432 (1991)]. The district court told the jury [the] statements were material, and the record does not show the jury made an independent determination about materiality. The Government theorizes that because the jury rejected certain defenses raised at trial, the jury must have believed [the] false statements were significant to the GSA and thus material. We cannot be sure the jury engaged in the same line of reasoning as the Government, however. The jury did not make any findings that are so closely related to the materiality issue that they are functionally equivalent to a materiality finding. *See Sullivan,* 508 U.S. at 280-81, 113 S.Ct. at 2080-81 (citing [*Carella v. California,* 491 U.S. 263, 271, 109 S.Ct. 2419, 2424, 105 L.Ed.2d 218 (1989) ] (Scalia, J., concurring in judgment)); [*United States v. Nguyen,* 73 F.3d 887, 895 (9th Cir.1995) ]. We are not permitted simply to speculate about what the jury would have decided if the district court had properly instructed them. *Sullivan,* 508 U.S. at 281, 113 S.Ct. at 2081. The lesson from *Gaudin* is that juries, not judges, should decide all the elements of a charged crime. *See Gaudin,* —— U.S. at ——, 115 S.Ct. at 2320.
>
> Because the *Gaudin* error in this case was not harmless beyond a reasonable doubt, we affirm the district court's decision to grant a new trial.

*Raether,* 82 F.3d at 194-95 (emphasis original).

[¶ 12] This passage establishes that, despite the applicability of harmless error analysis to a trial court's error in removing a materiality determination from a jury, prejudice is presumed to result from the error unless state shows the jury made an "independent determination" as to materiality. State has made no such showing in this case. The trial court told the jury Pechan's statements were material and the record does not show the jury made any independent determination about materiality. In contrast with *Raether, supra,* in this case state does not even offer a plausible theory as to how the jury might have made an independent materiality determination. In short, the jury did not make any findings that are so closely related to the materiality issue as to be functionally equivalent to a materiality finding. Moreover, this Court is not permitted to speculate about what the jury would have decided if the trial court had properly instructed them.

[¶ 13] Based upon the foregoing, Pechan's conviction is reversed and the matter is remanded for a new trial consistent with the rule of *Gaudin.*

[¶ 14] Reversed and remanded.

[¶ 15] MILLER, C.J., and SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ., participating.