1998 SD 3

**In the Matter of the Application of Kurt A. NOVAOCK, for a Writ of Habeas Corpus and alternatively for a Writ of Error Coram Nobis.**

**No. 20036.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 3, 1997.

Decided Jan. 7, 1998.

---

Mark Barnett, Attorney General, Gary Campbell, Assistant Attorney General, Pierre, for plaintiff and appellee.

Gary W. Conklin of Galland Legal Clinic, Sioux Falls, for defendant and appellant.

SABERS, Justice.

[¶ 1] Kurt Novaock appeals dismissal of his second petition for writ of habeas corpus and alternative writ of error coram nobis. We affirm.

## FACTS

[¶ 2] Novaock and Lewis Ashker were indicted for the June 1985 murder of Jerry Plihal. Novaock was convicted of murder in the first degree while engaged in the felony of robbery or burglary under SDCL 22–16–4, which then provided:

> Homicide is murder in the first degree when perpetrated without authority of law and with a premeditated design to effect the death of the person killed or of any other human being, or when committed by a person engaged in the perpetration of, or attempt to perpetrate, any arson, rape, robbery, burglary, kidnapping, or unlawful throwing, placing, or discharging of a destructive device or explosive.

This court affirmed his conviction on direct appeal. *State v. Novaock*, 414 N.W.2d 299 (S.D.1987). Ashker was separately tried and convicted under the same statute and his conviction was also affirmed on direct appeal. *State v. Ashker*, 412 N.W.2d 97 (S.D.1987) (*Ashker I* ).

[¶ 3] Novaock's appeal of the denial of his first habeas petition was dismissed on jurisdictional grounds by order of this court on

December 22, 1993. Notwithstanding the jurisdictional flaw of his appeal, this court noted:

> [T]he Court having further determined after considering the arguments presented in the appeal briefs that if jurisdiction had been properly invoked, the Court would have affirmed the trial court, having found that appellant failed to establish that he was denied the effective assistance of counsel[.]

Order Dismissing Appeal # 18280.

[¶ 4] As grounds for his latest petition for alternative writs of habeas corpus and error coram nobis, Novaock argues that the jury instruction pertaining to the felony murder statute was defective for failure to define the elements of robbery or burglary. The State "does not contest Novaock's claim that the jury instructions ... should have contained definitions of burglary and robbery," but argues that Novaock is procedurally barred from now raising this claim. Novaock concedes that this issue was not raised at trial, in his direct appeal, or in his first habeas petition, but claims that his failure to previously appeal the instruction is excusable and no bar to habeas relief.[1] In the alternative, he argues he is entitled to relief under the writ of error coram nobis.

[¶ 5] **WHETHER NOVAOCK HAS SHOWN CAUSE FOR HIS OMISSION OR FAILURE TO PREVIOUSLY RAISE THESE GROUNDS FOR RELIEF.**

[¶ 6] This case is governed by SDCL 21–27–16.1, which provides:

All grounds for relief available to a petitioner under this chapter shall be raised in his original, supplemental or amended application. Any ground not raised, finally adjudicated or knowingly and understandingly waived in the proceedings resulting in his conviction or sentence or in any other proceeding that the applicant has taken to secure relief from his conviction, or sentence, may not be the basis for a subsequent application, unless the court finds grounds for relief asserted which for reasonable cause were omitted or inadequately raised in the original, supplemental or amended application.

To avoid dismissal of a successive petition for habeas corpus relief, Novaock must show:

> 1. Cause for his omission or failure to previously raise the grounds for habeas relief; and
>
> 2. Actual prejudice resulting from the alleged constitutional violation.

*Ashker v. Class,* 534 N.W.2d 66, 67 (S.D. 1995) (*Ashker III*) (quoting *Gregory v. Solem,* 449 N.W.2d 827, 830 (S.D.1989)). "The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 68 (citation omitted).

[¶ 7] Novaock claims that prior to the United States Supreme Court case of *United*

---

1. Novaock makes a vague claim that the State suppressed evidence. The same habeas court judge presided over both of Novaock's habeas hearings and ruled that this issue was rejected in Novaock's first petition and dismissed it as res judicata. Novaock neither argues nor demonstrates that this was error and we affirm. He also claims that his assertion of innocence should be considered, citing *Wyldes v. Hundley,* 69 F.3d 247 (8th Cir.1995), cert. denied, ⎯ U.S. ⎯, 116 S.Ct. 1578, 134 L.Ed.2d 676 (1996). Wyldes, like Novaock, did not assert actual innocence as an independent ground for habeas relief, but merely as a "gateway" to allow the court to consider his defaulted federal claim. Wyldes lends no support to Novaock, as he does not meet the test set forth in that case:

   > First, the petitioner must support his allegations of constitutional error with new reliable evidence that was not presented at trial. Next,

   the petitioner must prove that it is more likely than not that no reasonable jury would have convicted him in the light of the new evidence.

   *Id.* at 254 (citations & internal quotations omitted). Novaock's "new evidence" is the alleged suppressed evidence, a claim barred as res judicata. The Wyldes court's concerns about this argument are worth repeating here:

   > Were protestation of innocence the only prerequisite to application of this exception, we fear that actual innocence would become a gateway forever open to habeas petitioners' defaulted claims. This is untenable in light of the Supreme Court's observation that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."

   *Id.* (affirming dismissal of successive petition for habeas relief) (citation & internal quotation omitted).

*States v. Gaudin,* 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), "there would have been no reason for previous habeas counsel to present the issue of faulty instructions because harmless error analysis would have been used as a rationale for upholding the verdict." This argument fails for a number of reasons.

[¶ 8] In *Gaudin,* the district court ruled that the issue of materiality of a false statement was a matter for the court rather than the jury to decide. The Supreme Court affirmed the Court of Appeals for the Ninth Circuit's conclusion that the district court's refusal to submit the materiality question to the jury was unconstitutional. Here, the trial court did not withhold any question from the jury.

[¶ 9] Furthermore, the legal precepts upon which *Gaudin* is based are not novel and may have been used to support Novaock's jury instruction argument in his direct appeal or prior habeas petition. For example, *Gaudin* cites *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); *County Court of Ulster Cty. v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); and *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), for the proposition that

> each [case] also confirms that the jury's constitutional responsibility is not merely to determine the facts, but to apply the law to those facts and draw the ultimate conclusion of guilt or innocence.

*Gaudin,* 515 U.S. at 514, 115 S.Ct. at 2315–16, 132 L.Ed.2d at 452. As this legal tenet is stated in cases decided even prior to Novaock's trial, and is precisely the ground upon which Novaock bases his petition, his claim that *Gaudin* permits a previously unavailable argument is without merit.[2] *Cf. Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397, 408 (1986):

> Without attempting an exhaustive catalog ... we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel or that some interference by officials made compliance impracticable, would constitute cause under this standard.

(quoted in *Gregory,* 449 N.W.2d at 830–31); *cf. Ashker III,* 534 N.W.2d at 69 (habeas counsel's "not wanting to 'incur the wrath' of the Justices does not constitute 'reasonable cause.' "); *Gregory,* 449 N.W.2d at 832 (holding that "an informed and calculated decision not to raise these issues when he had a chance to do so ... is clearly well short of the establishment of 'cause' ").

▪▪▪ [¶ 10] Additionally, the argument that this court would have affirmed the conviction by applying harmless error analysis to the defective jury instruction is presumptuous and ill-informed. When a party alleges error, our analysis begins by ascertaining whether he demonstrated an error which occurred in another proceeding. Once error is established, the burden is on that party to establish that the error was prejudicial, i.e., that under the evidence the jury probably would have returned a different verdict if the alleged error had not occurred; if he cannot, the error is deemed harmless. *See, e.g., State v. Etzkorn,* 1996 SD 99, ¶¶ 13–17, 552 N.W.2d 824, 828–29; *State v. Hart,* 1996 SD 17, ¶ 17, 544 N.W.2d 206, 210. We apply the harmless error rule to constitutional violations, but only when "the court is able to declare a belief *beyond a reasonable doubt* that the error was harmless and did not contribute to the verdict obtained." *State v. Michalek,* 407 N.W.2d 815, 819 (S.D.1987) (emphasis added) (citing *State v. Heumiller,* 317 N.W.2d 126, 130 (S.D.1982); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969)); *accord State v. Helmer,* 1996 SD

---

2. Even if *Gaudin* controlled here, it does not automatically dictate reversible error. This court recently relied on *United States v. Raether,* 82 F.3d 192 (8th Cir.1996), to construe *Gaudin.* See *State v. Pechan,* 1996 SD 123, ¶¶ 11–12, 554 N.W.2d 663, 665 (finding reversible error in a *Gaudin* situation, but noting that a modified harmless error analysis applied: "[D]espite the applicability of harmless error analysis to a trial court's error in removing a materiality determination from a jury, prejudice is presumed to result from the error unless state shows the jury made an 'independent determination' as to materiality."). This modified harmless error analysis is confined to a *Gaudin* error, clearly not present here.

31, ¶ 37, 545 N.W.2d 471, 477; *State v. Larson*, 512 N.W.2d 732, 735 (S.D.1994).

[¶ 11] It is axiomatic that a prediction that one might be unsuccessful on direct or habeas appeal does not furnish the "cause for a procedural default" required in a successive petition for post-conviction relief.

[¶ 12] By stating that the conviction would have been affirmed because this court would have concluded that the defective instruction constituted harmless error, Novaock is essentially conceding that he cannot demonstrate the prejudice necessary to undermine the verdict. Contrary to that argument, Novaock's brief surprisingly asserts that "even applying a harmless error analysis to the limited circumstantial facts in this case that the result would have been different had the omitted terms been included in the jury instructions." However, we do not address whether he established "actual prejudice resulting from the alleged constitutional violation" because he has failed to first demonstrate "cause for his omission or failure to previously raise the grounds for habeas relief." *Ashker III*, 534 N.W.2d at 67, 69; *Gregory*, 449 N.W.2d at 830, 832.

[¶ 13] The denial of Novaock's petition for habeas corpus relief is affirmed.[3]

[¶ 14] MILLER, C.J., and AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.

---

**3.** We also affirm the denial of Novaock's petition for writ of error coram nobis. Statutory remedies must be unavailable or inadequate before coram nobis relief will be granted. *In re Brockmueller*, 374 N.W.2d 135, 137 (S.D.1985) (citations omitted). Here, Novaock's inability to meet the cause and prejudice test required under SDCL 21–27–16.1 does not render the statute "unavailable" or "inadequate."