# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3026

_____

United States of America,

    Plaintiff - Appellee,

v.

Thomas Huntley,

    Defendant - Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*      [PUBLISHED]
\*

_____

Submitted: April 15, 2008
Filed: April 18, 2008

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and MELLOY, Circuit Judges.

_____

PER CURIAM.

Thomas Huntley was charged in a four-count indictment with drug and firearm offenses. He pleaded guilty to two firearm possession counts and went to trial on the drug count and an additional firearm count charging that he "knowing[ly] used a firearm . . . during and in relation to a drug trafficking crime" in violation of 18 U.S.C. § 924(c)(1)(A). The jury convicted Huntley of both charges, and his sentence included the sixty-month consecutive sentence mandated by § 924(c)(1)(A)(I). He appeals the § 924(c)(1)(A) conviction, arguing instructional error. With the appeal pending, the Supreme Court overruled our prior interpretation of § 924(c)(1)(A), as relevant here, in Watson v. United States, 128 S. Ct. 579 (2007). Accordingly, we

must reverse the § 924(c)(1)(A) conviction because the district court's instruction, though correct when given, was inconsistent with Watson.

At trial, government witness Michael McCullock testified that he traded a Ruger pistol to Huntley in exchange for methamphetamine. Huntley testified in his own behalf that he instead purchased the pistol from McCullock for cash. Over Huntley's timely objection, the district court instructed that the jury could find Huntley guilty of "using" the firearm in connection with a drug trafficking crime if "the firearm in question was bartered or received in exchange for methamphetamine." The instruction when given was consistent with this court's decision in United States v. Cannon, 88 F.3d 1495, 1509 (8th Cir. 1996). But the Supreme Court has now held to the contrary "that a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." Watson, 128 S. Ct. at 586.

When a district court's instruction is proper when given but the Supreme Court changes the law while the defendant's direct appeal challenging the instruction is pending, there is instruction error. The conviction must be reversed unless the error was harmless. See United States v. Sheppard, 219 F.3d 766, 768-69 (8th Cir. 2000). Here, we cannot conclude the error was harmless because the challenged instruction permitted the jury to convict Huntley of violating § 924(c)(1)(A) solely on the basis of McCullock's testimony that he traded the pistol to Huntley for methamphetamine. Cf. United States v. Schrader, 10 F.3d 1345, 1347-50 (8th Cir. 1993).

On appeal, we are urged to "find, as a matter of law, that Huntley's receipt of the firearm did not constitute 'use' of the firearm" for purposes of § 924(c)(1)(A)." This we may not do. Following the jury's verdict, Huntley filed a motion for judgment of acquittal. However, the motion challenged only the sufficiency of the evidence that he was guilty of the methamphetamine distribution offense. There was no post-verdict motion for judgment of acquittal on the § 924(c)(1)(A) count under Rule 29(c) of the Federal Rules of Criminal Procedure. Absent a timely Rule 29(c) motion, we have serious doubt whether any court may order an acquittal, as opposed

-2-

to a new trial, after the jury has returned a guilty verdict. See Carlisle v. United States, 517 U.S. 416 (1996). But even if we have such power, Huntley has given us no factual basis to do so, certainly not on plain error review. See United States v. Raether, 82 F.3d 192, 194 (8th Cir. 1996) ("We are not permitted simply to speculate about what the jury would have decided if the district court had properly instructed them."). Accordingly, we reverse the conviction and sentence on Count 3, Possession of a Firearm During the Commission of a Drug Trafficking Crime, and remand the case for further proceedings not inconsistent with this opinion.

_____